McPike et al., v. Pen, Sheriff, etc., et al.

BENJAMIN F. McPIKE *et al.*, Appellants, *v.* REUBEN C. PEN, SHERIFF, ETC., *el al.*, Respondents.

1. *Injunction — Sale of land — Cloud on title.* — The sheriff will be enjoined from the sale of land for non-payment of taxes, although the assessment be illegal, where a cloud will thereby be thrown upon the title. (Leslie v. St. Louis, 47 Mo. 474.)

2. *Railroad, subscription by county for — Notice — Injunction, etc.* — Where, under the act of March 15, 1870 (Wagn. Stat., 2d ed., 321 *a*), a County Court ordered a special election to vote on a proposition to subscribe to the capital stock of a railroad, but no sufficient notice was given of the election; *Held:*

   1. That an assessment against the landholders of the county, to meet the subscription ordered by the vote, would be unauthorized by law.

   2. That if the assessment had been warranted by law, the sheriff could not collect it under that statute by levy upon and sale of real estate; and that injunction would lie to restrain the officer from making such sale.

## *Appeal from Pike Circuit Court.*

*Fagg & Dyer*, for appellants.

*Caldwell & Biggs*, for respondents.

BLISS, Judge, delivered the opinion of the court.

In pursuance of the provisions of the act of March 15, 1870 (Wagn. Stat. 2d ed., 321 *a*), the County Court of Pike County directed a special election to be held in the township of Ashley, upon a proposition to subscribe $8,000 to the capital stock of the La. & M. Plank or Macadamized Road Company, and after the election appointed a special commission to subscribe for the stock, and assessed a special tax to pay for the same. The sheriff, as tax collector, has made a levy upon the real estate of the plaintiff to pay the amount assessed against his property, and this is a proceeding to enjoin him from selling the same.

The question first arises whether injunction will lie, as the defendant objects to the remedy as now sought, and cites Drake v. Jones, 27 Mo. 428, and Kuhn v. McNeil, 47 Mo. 389. In these cases it was held that a sheriff will not be enjoined from selling lands upon common execution; but the court has uniformly enjoined the sale of lands for the payment of taxes, upon the ground that a cloud is thereby cast upon the title, although

the assessment was illegal. (Lockwood v. St. Louis, 24 Mo. 20 ; Fowler v. St. Joseph, 37 Mo. 228 ; Leslie v. St. Louis, 47 Mo. 474.)

The plaintiff bases his equity upon the grounds : first, that the proceedings under which the stock was subscribed were so irregular as to vitiate the assessment of the tax ; and, secondly, that the collector had no right to collect it by levy upon real estate.

1. I will only consider one of the irregularities complained of, which is that the order for the special election made by the County Court provided for no notice of the election, and that no sufficient notice was in fact given. The statute provides that, upon the proper petition, it shall be the duty of the County Court to "order an election to be held in such townships," etc., "to determine if such subscription or appropriation shall be made, which election shall be conducted and returns made in accordance with the general election law." Nothing is said in relation to the notice, but we cannot hence infer that no notice is necessary. I cannot conceive of an election, at least unless it is fixed by law, without notice to the electors both of the time and manner in regard to which they are called upon to vote. And although the act is silent upon this subject, we must assume either that the obligation to direct a proper notice is implied in the authority to order an election, or that the notice must be given as required in the general election law. It does not become necessary to say which would be the proper mode, inasmuch as neither was adopted, and the notice actually given was a volunteer one and very imperfect at that. The election in this regard was irregular, and the necessity that notice be given is so controlling—it is such an essential part in the machinery of an election—that I cannot but regard the irregularity as fatal. The notice as actually given cannot help the matter. Two written bills, unsigned by any one, were posted up in a public place in the township. But they were not put up by any legal authority, and could have no legal force or effect. The law by plain implication provides for notice in one of the two ways I have indicated, and a volunteer one will not meet its requirements.

2. If the assessment had been warranted by law, the sheriff

cannot collect it by levy upon and sale of real estate. The act under consideration provides for no special mode of collecting the taxes rendered necessary by the subscription, but requires that " the County Court shall from time to time levy and cause to be collected in the same manner as county taxes, a special tax, which shall be levied on all the real and personal property lying and being within such township." We have then only to inquire how county taxes were then collected. It should be borne in mind that the power to collect taxes is purely statutory, and that the collector can take no step which is not provided for by the statute ; hence, unless he was authorized to seize and sell real estate for the collection of county taxes, his present proceeding is unwarranted by law. Section 120 of the revenue act of March, 1872, has the same provision in regard to the collection of taxes by seizure of goods and chattels as was contained· in preceding acts, but it nowhere provides for the seizure of real estate. The latter may be sold, but only for the taxes specifically assessed against it, and then not by levy and sale as upon ordinary execution, but in the mode pointed out by the act. So, then, the sheriff had no right to make the levy complained of in the case at bar.

The Circuit Court dissolved the injunction, and its judgment is reversed and the injunction made perpetual. The other judges concur.