McClurg v. Phillips, et al.

J. N. McClurg, Appellant, vs. Jesse A. Phillips, et al., Respondents.

1. *Mortgages not under seal, when recorded impart notice.*—Under a proper construction of the several sections of the statute touching conveyances, (Wagn. Stat., p. 273, § 7; p. 277, §§ 24, 25, 26,) the registration of a mortgage, although having no seal or scrawl attached, nevertheless imparts notice. The registration law was intended to embrace not only legal conveyances, but all instruments in writing affecting real estate in law or equity.

*Appeal from Webster Circuit Court.*

*E. G. Mitchell,* for Appellant.

I. The instrument sued on is a good equitable mortgage, created a valid lien on the land in question, and can be enforced against the mortgagor and all subsequent purchasers having notice of its existence or contents. (McClurg vs. Phillips, 49 Mo., 315; Gill vs. Clark, 54 Mo., 415.) An equitable mortgage is a writing whereby the lands in question are "affected in equity." (Wagn. Stat., 277, § 24.)

II. The same was properly acknowledged and recorded, and hence imparted notice. (Wagn. Stat., 277, § 25.)

*Massey, McAfee & Phelps,* for Respondents.

The recording of the unsealed mortgage is not notice, to Paul, of plaintiff's equitable mortgage, and Paul having no actual notice and having a sheriff's deed the judgment should be affirmed. "All deeds or other conveyances of lands or of any estate or interest therein, shall be subscribed and sealed by the party granting the same, etc." (Wagn. Stat., 273, § 7; 272, § 1.) "Every such instrument, from the time of filing the same with the recorder for record, imparts notice." (Wagn. Stat., 277, § 25.)

Adams, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity to foreclose an equitable mortgage. The mortgage was executed by the defendant, Phillips to the plaintiff, in the year 1860, to secure a promissory note which was given at the same time.

The mortgage covered several tracts of land in Webster County, and was duly acknowledged and recorded in Webster County. It was in the shape of a legal mortgage in all respects, except that it was not under seal and had no scrawl affixed by way of seal.

In 1867, the defendant, Paul, purchased part of the mortgaged premises at execution sale against the defendant, Phillips, and took the sheriff's deed therefor in regular form. He claims to be an innocent purchaser for value, without any notice whatever, of the plaintiff's mortgage. The proof showed that he had no notice, in fact or otherwise, except what may have been imparted by the registry of the mortgage. The court decided that inasmuch as the mortgage was not a sealed instrument, the registry imparted no notice, and gave judgment releasing the lands claimed by the defendant, Paul, from the mortgage. The only point raised by the record is, whether our registry act applies to equitable, as well as legal instruments affecting real estate.

In construing the act we must look at the whole law and bring together the several sections bearing on the question. Section 7 (1 Wagn. Stat., 273) provides that "all deeds or other conveyance of lands or of any estate or interest therein, shall be subscribed and sealed by the party granting the same or by his lawful agent, and shall be duly acknowledged or proved and certified in the same manner hereinafter prescribed."

Section 24 (1 Wagn. Stat., 277) provides: "Every instrument of writing that conveys any real estate, or whereby any real estate may be affected in law or equity, proved or acknowledged and certified in the manner hereinbefore prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated."

Section 25 provides, that "Every such instrument in writing certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees

shall be deemed in law and equity to purchase with notice." (1 Wagn. Stat., 277.)

Section 26 provides, that "No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." (1 Wagn. Stat., 277.)

These several sections of the registry act clearly indicate that it was the intention to embrace not only legal conveyances or sealed instruments, but all instruments in writing affecting real estate in law or equity. There is no reason why contracts not under seal, affecting real estate as well as sealed instruments or technical conveyances, should not be recorded. The object of the registry act was to abolish the equitable doctrine of notice in regard to all instruments in writing affecting real estate.

That doctrine was, that the party was bound to take notice when the facts were sufficient to put him on inquiry. By the registry act the instrument is void except between the parties thereto, and those who have actual notice, until the same is deposited with the recorder. When so deposited, the registry imparts notice, and every subsequent purchaser or mortgagee is deemed in law and equity to have notice, whether such be the fact or not. When the instrument is deposited with the recorder, the question of notice is put at rest. Therefore, as the plaintiff's equitable mortgage had been duly recorded before Paul purchased, it imparted notice to him, and whether he had notice in fact or not, was a question that could not be raised. His purchase extended only to the equity of redemption left in Phillips, and did not affect the rights of the plaintiff.

This leads to a reversal. Let the judgment be reversed and the cause remanded. Judge Sherwood did not sit; the other judges concur.