Harrington, et al. v. Fortner, et al.

———o———

FRANCIS M. HARRINGTON, *et al.*, Respondents, *vs.* THOMAS FORTNER, *et al.*, Appellants.

1. *Practice, civil—Justices' judgments—Return nulla bona—Execution from office of clerk of court.*—If, in a suit before a justice of the peace, a party to the suit becomes a non-resident of the county before judgment is rendered against him, it is not necessary to issue an execution against him and have it returned *nulla bona*, prior to the issue of an execution from the office of the clerk of the court in which the transcript is filed.

2. *Justices of the peace, proceedings of—Titles—Judicial sales.*—Proceedings before justices of the peace should never be viewed with technical nor hypercritical nicety, especially when they are made the bases of titles arising from judicial sales.

3. *Conveyances—Acknowledgments—Validity — Constructive notice.* — A deed good at common law is operative as to the parties thereto and those having actual notice thereof, although the acknowledgment of it may be worthless. The object of an acknowledgment is, that the deed may be admitted to record, and thus impart constructive notice to all persons of its contents.—(Caldwell vs. Head, 17 Mo., 561.)

4. *Conveyances, how proved—Depositions—Formalities for record.*—A conveyance of land may be proved by the deposition of the grantor, with a copy of the conveyance annexed. The provisions of the statute concerning the requisite formalities to be observed before a deed can be recorded, are applicable alone in cases where a registration of the deed is desired, and do not prevent the establishment of the execution of the deed by other modes of proof.

5. *Mortgages—Seals, lack of—Acknowledgment—Record.*—A mortgage, though lacking a seal, is still good as an equitable mortgage, and if acknowledged and recorded imparts notice with equal efficiency as if sealed.—(McClurg vs. Phillips, 57 Mo., 214.)

6. *Ejectment—Equitable defenses—Mortgage, default on.*—In an action of eject-
ment the allegations of a default on the mortgage debt on said land is an
equitable defense in favor of the mortgagee, or any one else in possession of
the premises claiming under him, and, until satisfied, is a bar to the action.
(Hubble vs. Vaughn, 42 Mo., 138.)

## *Appeal from Adair Circuit Court.*

*DeFrance & Halliburton,* for Appellants.

I. The plaintiffs have not the legal title. The judgment
before the justice of Macon county was void. The admission
of parol evidence, to show that the summons was returned by
the deputy in the name of his principal, was error. The evi-
dence shows that the return was made by the deputy in his
own name, and so absolutely void. (1 Mo., 504; 5 Mo., 533;
7 Mo., 359; 8 Mo., 177; Samuels vs. Shelton, 48 Mo., 444;
McClure vs. Wells, 46 Mo., 311.)

II. The deed from Glassburner to Oliver did not pass the
legal title. (Wagn. Stat., 273, § 7.) The case of Caldwell
vs. Head was based on the statute of 1845, which is materi-
ally different from the statute of 1865. Said conveyance
passed nothing more than an equitable interest, and did not
convey a title upon which ejectment could be sustained.

III. A deed cannot be proven by a deposition to the copy
of the record of it. The statute prescribes the manner of
proving a deed, and it cannot be proven any other way.
(Wagn. Stat., 275-6, §§ 11, 15, 17, 18, 19, 20, 21.)

IV. Plaintiffs have no right to recover without paying de-
fendant the amount of the note and interest secured by
the mortgage from Oliver to Johnson, for buying at sheriff's
sale they buy no more than Oliver had, and the rule of *caveat
emptor* applies. (10 Mo., 157.) Again, a party, buying land
of which another is in possession, takes it with notice of the
possessor's rights. (7 Mo., 610; 4 Mo., 62; 11 Mo., 77; 21
Mo., 313; 22 Mo., 415; 25 Mo., 318; 39 Mo., 506; 40 Mo.,
405; 47 Mo., 306; 49 Mo., 350.) And the record of any in-
strument affecting real estate, which is properly acknowl-
edged, whether it is sealed or not, is full notice to every one

of its contents. (Wagn. Stat., 277, §§ 24, 25.) The mortgage, unsealed as it is, is good between Oliver and defendants, and the plaintiffs have no better position than Oliver had. (10 Mo., 229; 12 Mo., 63; 38 Mo., 120; 39 Mo., 24; 46 Mo., 404, 472.) Defendants in ejectment have a right to use all equitable defenses. (Pemberton vs. Johnson, 47 Mo., 227.)

V. Defendants can also show an outstanding legal title to defeat plaintiffs' suit. (6 Mo., 330; 11 Mo., 149; 17 Mo., 98; 27 Mo., 286, 405.) The defendants show an outstanding legal title in Halliburton, who, although he bought with knowledge of the record of the conveyance from Glassburner to Oliver, yet bought the legal title, as the deed from Glassburner to Oliver only conveyed an equitable title, and the deed not being acknowledged, was no notice to any of its. contents, although they had seen it. And another rule of law comes in here, and that is this : " Equity extends its protection equally, if the purchase is originally of an equitable title without notice, and afterwards the party obtains or buys in a prior legal title, in order to support his equitable title." (1 Sto. Eq. Jur., 9 ed., 56, § 64, n. 3,.) In this case Johnson had the equitable title, and Halliburton bought in from him a prior legal title to support his equitable title.

VI. Defendants can dispute Oliver's title, though he is Johnson's vendor. (9 Mo., 177; 12 Mo., 238; 11 Mo., 116; 16 Mo., 273; 33 Mo., 269; 36 Mo., 163.)

VII. The plaintiffs must recover upon their own legal title or fail. (Wagn. Stat., 557, § 1; Beal vs. Harmon, 38 Mo., 435.)

VIII. As to equitable defenses in ejectment suits, see Jones vs. Mack, 53 Mo., 407; Honaker vs. Shough, 55 Mo., 472.

*Harrington & Cover*, for Respondents.

I. The mortgage was but an equitable one, and required the interposition of a court of equity to enforce the same.

II. All the interest that Johnson can claim to said land he got by virtue of the equitable mortgage. When a dismissal

was entered as to Johnson, he went out of court, and then his defense under his mortgage ceased. If it be true that Oliver had no interest in said land at that date, on account of the defective acknowledgment as claimed by appellants, then it is equally true that Johnson has no interest.

III. The evidence shows that Oliver left the State only a few days after the service of process on him, and it was not necessary to have an execution issued by the justice. (Wagn. Stat., 839, § 14.)

IV. When an instrument is lost or destroyed, parol evidence is admissible to prove its contents. (Gould vs. Trowbridge, 32 Mo., 291 ; Farrell's Adm'r vs. Brennan's Adm'x, 32 Mo., 392; Broggs vs. Henderson, 49 Mo., 531; Minor vs. Tillotson, 7 Pet., 99 ; Christy vs. Kavanaugh, 45 Mo., 375.)

V. The instrument, introduced in evidence, from Oliver to Johnson was not made under seal, and imparted notice to none. It was not such an instrument as the law authorized to be recorded; it was only an equitable mortgage.

VI. There is no evidence to show that Harrington had notice of the so called mortgage and knew that Fortner was in possession of said land. The execution of the deed from Glassburner to Oliver can be proven by a deposition of a witness. The proof in question was taken by a notary public in California. (Wagn. Stat., 274, § 9.)

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiffs, Harrington and Cover, brought the present action to recover possession of the south east quarter of section 22, township 62, of range 17, and the south west quarter of section 23, of the same township and range. Both parties claim title through the same common source, John Oliver, who entered the land, conveyed it to Glassburner, who, in 1859, not having paid the purchase money, re-conveyed the land to Oliver; but the deed to the latter, although duly recorded, was defectively acknowledged, by reason of the acknowledgment having been taken before a justice of the peace in Iowa.

The title of the plaintiffs is derived through a sale under an execution issued from the Circuit Court of Macon county, upon the transcript of a judgment rendered by a justice of the peace of that county, in favor of Workman and against John Oliver, in the year 1869. This execution was directed to the sheriff of the county where the land was situated; the sale thereunder took place on the 27th of October, 1870, and was consummated by the deed of the sheriff, bearing date the 31st of that month.

The defendants pleaded the general issue, also that the transcript was filed in, and the execution issued out of, the office of the clerk of the Circuit Court, without authority of law; that the judgment against Oliver was rendered without notice; and further, as an equitable defense, they set forth, that Oliver, on the 31st of July, 1867, in order to secure the payment to Johnson of a note for $200, executed to him a mortgage on the premises in controversy, with power of sale in case of default made in the payment of the sum thus secured; that this mortgage was duly acknowledged and recorded, and was perfect in all its parts, except that it failed to have a scrawl attached by way of a seal; that Oliver failed to pay the note at maturity, and Johnson, exercising the powers vested in him by the instrument, sold the premises to defendant Fortner, who thereupon, in good faith, took possession of the premises, made valuable and lasting improvements, paid the tax thereon, and was in possession at the time of plaintiff's alleged purchase.

The chief averments of the answer were denied in the reply.

At the trial it appeared in evidence, that the original papers in the cause of Workman vs. Oliver were lost; parol evidence was therefore admissible to show that the summons had been duly served by the deputy constable, Jones, in the name of his principal, Lester. And the memorandum on the docket of the justice, that the summons was served on Oliver by the deputy, Jones, does not by any means contradict the parol evidence that such process was served in the name of

the proper officer. As the evidence tended very strongly to show that Oliver became a non-resident of the county before judgment was rendered against him, it was unnecessary for the justice to issue an execution, and that the same should be returned *nulla bona*, prior to the issuance of an execution from the office of the clerk, in which the justice's transcript was filed. (Wagn. Stat., 839, § 14.) And no doubt the court below took this view, and regarded Oliver, upon the evidence adduced, as a non-resident of the county. But even were there no parol evidence on this point, by the return on the execution it sufficiently appears, not only that Oliver had no goods or chattels in the township whereon to levy, but that he had become the resident of another State. And this re-turn, although informally drawn, is evidently intended to be in the name of the principal constable, Lester, as the name of the latter is mentioned as constable, and Jones as his deputy, but a few lines above the signature of the deputy, as apparently copied by the justice on his docket.

The objections made to the deed of the sheriff to plaintiffs are therefore regarded as untenable. Proceedings before justices of the peace should never be viewed with technical or hypercritical nicety, and this is especially the case when such proceedings are made the bases of titles arising from judicial sales. The objections to the deed from Glassburner to Oliver, and the method adopted by plaintiffs to establish its authenticity, are also without merit. Both parties claimed under Oliver, and the instrument of writing executed between Johnson and Fortner explicitly recognizes his right, or that of those claiming under him, to redeem the land mortgaged.

The deed from Glassburner to Oliver, although the acknowledgment was worthless, was good as a common law deed, and was, having been duly delivered, as valid and operative to all intents and purposes between the parties there-to, and those having "actual notice thereof," as though acknowledged with every statutory formality. (Wagn. Stat., 277, § 26; Caldwell vs. Head, 17 Mo., 561.)

The chief object of having a deed acknowledged is, that it may be admitted to record, and thus impart constructive notice " to all persons of the contents thereof." But where actual notice exists, as is plainly the case here, all necessity for the constructive notice, which under our registry act is only imparted upon the due acknowledgment and filing for record of the deed, vanishes away. In addition to this, it was perfectly competent to establish by the testimony of Glassburner, as contained in his deposition, that he had conveyed the land to Oliver by a deed, a copy of which was annexed to that deposition. And this method is not obnoxious to the charge of not being in conformity to the provisions of the statute concerning the requisite formalities to be observed before a deed can be recorded. Those provisions are obviously applicable alone in cases where registration of a deed is desired; and do not in the least tend to prevent the fact of the deed having been executed, from being established by other modes of proof equally satisfactory. The mortgage executed to Johnson by Oliver, although lacking a seal, was still possessed of validity as an equitable mortgage, and having been duly acknowledged and recorded, imparted notice with equal efficiency as if sealed.

This point was thus expressly ruled in the case of McClurg vs. Phillips, (57 Mo., 214). Default having been made in the payment of the mortgage debt; this fact would constitute when pleaded, as it was in defendant's answer, an equitable defense to the plaintiff's action on the part of the mortgagee, or any one else in possession of the mortgaged premises, claiming under him. This was so held in the case of Hubble vs. Vaughn, (42 Mo., 138). And though the mortgage was in that case sealed, the two cases are not distinguishable in point of principle.

It is unnecessary to determine the precise force and effect of the contract between Johnson and Fortner. It is sufficient to say, that it had at least the effect to transfer to the latter whatever of possessory right the former had to the mortgaged premises, and being in possession of those premi-

ses under a contract with Johnson, he was in as advantageous position as Johnson himself would have been under like circumstances. The result, then, at which we have arrived, is, that the mortgage, although merely an equitable one, having been specially pleaded as an equitable defense, constitutes, until satisfied, a complete bar to plaintiff's action.

For these reasons the judgment is reversed and the cause remanded. Judge Wagner absent; the other judges concur.