## DANIEL W. CLIFTON *et al.*, Appellants, v. JOHN ANDERSON, Respondent.

### St. Louis Court of Appeals, April 15, 1890.

1. **Parties:** ACTION TO CHARGE MARRIED WOMAN'S SEPARATE ESTATE. If a married woman die pending an action in equity to charge her separate estate in realty, the suit can only proceed against those who succeed to her title; and her administrator is not a necessary or proper party.

2. ——: ——: JUDGMENT. If only her administrator is made a party defendant, the judgment will be void, and though the person acting and made a party as administrator succeed as an individual to a portion of the married woman's title, as if he be tenant by the curtesy, such interest as an individual will not be bound by the judgment.

3. **Injunction:** SALE UNDER VOID JUDGMENT. The sale of the land under such void judgment may be restrained by injunction at the instance of those succeeding to the title.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Geo. R. Lockwood*, for the appellants.

Mrs. Clifton did not have a separate estate in the property described. *Turner v. Shaw*, 96 Mo. 22; *Kidwell v. Kirkpatrick*, 70 Mo. 214; *Schafroth v. Ambs*, 46 Mo. 518; *Paul v. Leavitt*, 53 Mo. 595; *Nicholson v. Flynn*, 24 Mo. App. 574; *Edwards v. Burns*, 26 Mo. App. 44; *Bank v. Collins*, 75 Mo. 280. The property not being the separate estate of Mrs. Clifton, she did not charge it by borrowing the money from defendant, if she did borrow it. *Bank v. Collins*, 75 Mo. 280; *Claflin v. Wagoner*, 32 Mo. 252; *Arnold v. Brockenbrough*, 29 Mo. App. 638; *Mueller v. Kaessmann*, 84 Mo. 323. The decree is, and the sale, if ordered by the probate court, will be, a cloud on the title of plaintiffs, such as will be removed by equity. *Bank v. Evans*, 51 Mo. 335; *Clark v. Ins. Co.*, 52 Mo. 272; *Mason v. Black*, 87 Mo. 329; *Lick v. Ray*, 43 Cal. 83. A court of equity has jurisdiction to prevent a cloud upon a title as well as to remove one, and, therefore, it will enjoin a sale or the other proceedings that will create a cloud. *Church v. Hintze*, 72 Mo. 363; *Groves v. Weber*, 72 Mo. 607; *Harrington v. Utterback*, 57 Mo. 519; *Vogler v. Montgomery*, 54 Mo. 577. D. W. Clifton is a victim of misplaced confidence, or he and defendant were mutually mistaken as to Sarah Clifton having a separate estate in the property in question, and in either case equity will grant relief. *Nelson v. Betts*, 21 Mo. App. 229; *Blair v. Railroad*, 89 Mo. 383, 393; Bispham's Eq., secs. 185–188, 214; Story's Eq., secs. 192, 384, 394; *Smith v. Richards*, 13 Pet. 26; *Taymond v. Mitchell*, 1 Md. Ch. 496; *Bankhead v. Alloway*, 6 Cald. 75; *Pothill v. Walter*, 3 B. & A. 114; *Hazard v. Irwin*, 18 Pick. 95; *Stone v. Denny*, 4 Metc. 151; Kerr on Fraud & Mistake, 54, 149; Bigelow on Fraud, 56, 468; *Griffith v. Townley*, 69 Mo. 16, 17.

*S. S. Merrill* and *E. J. O'Brien*, for the respondent.

The petition fails to state a case for an interference by a court of equity by means of an injunction, since the parties have an adequate remedy at law. 1 High on Inj. [2 Ed.] sec. 230 ; *Stockton v. Ransom*, 60 Mo. 535. The plaintiffs can avail themselves of all the rights they claim in this suit in the proceedings for an order of sale of this property. *Callahan v. Griswold*, 9 Mo. 784; *Fenix v. Fenix*, 80 Mo. 27, 33. Ignorance of the law being no defense, Daniel W. Clifton is conclusively bound by the decree of the circuit court, if no fraud was practiced on him. Having been heard as administrator, he cannot now come in and claim, as heir, a right to have the matter relitigated. *Stewart v. Montgomery*, 23 Pa. St. 410 ; *Boykin v. Cook*, 61 Ala. 473. Before a court of equity will enjoin a judgment regular on its face, "the plaintiff must aver and of course prove some injustice in the judgment he seeks to enjoin." *Sauer v. City of Kansas*, 69 Mo. 46, 49 ; 2 Story's Eq. [13 Ed.] sec. 898, and note *b* ; *George v. Tutt*, 36 Mo. 141 ; *Duncan v. Gibson*, 45 Mo. 352 ; *Davis v. Staples*, 45 Mo. 570 ; *Piggott v. Addicks*, 3 G. Greene, 428 ; *Stokes v. Knarr*, 11 Wis. 389, 391 ; *Taggart v. Wood*, 20 Iowa, 236. Plaintiffs have shown no injustice in this judgment. This land was Sarah Clifton's separate property. It was bought with her separate property. The money given her was her separate property. *Gabriel v. Mullen*, 30 Mo. App. 464, 467 ; *Blair v. Railroad*, 89 Mo. 383, 391 ; *Broughton v. Brand*, 94 Mo. 169, 174. The proceeds of the land given her were her separate property. *Houx v. Shaw*, 25 Mo. App. 233, 236 ; *Rodgers v. Bank*, 69 Mo. 560 ; *Gilliland v. Gilliland*, 96 Mo. 522 ; *Klenke v. Koeltze*, 75 Mo. 239 ; *Martin v. Colburn*, 88 Mo. 229 ; *Edwards v. Burns*, 26 Mo. App. 44 ; *Boston v. Murray*, 94 Mo. 175. This land was subject to defendant's claim regardless of

whether it was a separate estate or not, because he advanced money to pay off a mortgage on it, at the request of the debtor, Sarah Clifton, with an agreement for a new mortgage, and the money was so applied. Equity subrogates Anderson to the rights of the first mortgagee. *Norton v. Highleyman*, 88 Mo. 621, 624; *Johnson v. Goldsby*, 32 Mo. App. 560, 564; *Evans v. Halleck*, 83 Mo. 376, 379; *Wolf v. Walter*, 56 Mo. 292, 295; *Crippen v. Chappel*, 35 Kan. 495, 499; *Bolman v. Lohman*, 74 Ala. 507, 511, 512; 1 Jones on Mort. [4 Ed.] sec. 874a; 3 Pom. Eq. Juris. (1883) sec. 1212; *Bank v. Thompson*, 32 N. J. Eq. 133.

BIGGS, J., delivered the opinion of the court.

The plaintiff Daniel W. Clifton was the husband, and his co-plaintiffs are the children and only heirs-at-law, of Sarah Clifton, deceased, and as such they instituted this action in equity to cancel and annul the following judgment or decree of the circuit court of the city of St. Louis, rendered on the twenty-first day of December, 1886, to-wit:

"John Anderson

v.

"Daniel W. Clifton, Administrator of Sarah Clifton, deceased.

⎫
⎬ Number 72377.
⎭

"Come now at this day the said parties by their respective attorneys and submit this cause to the court upon the petition and agreed statement of facts therein contained, and the court, having heard the same and being fully advised of and concerning the premises, doth now find the estate of said Sarah Clifton to be indebted to the plaintiff John Anderson in the sum of five hundred and thirty-two and fifty-hundredths dollars, for money loaned the said Sarah Clifton during her lifetime, and that the same is a special lien upon the property in the petition described as following, to-wit: Lot number 31 of block number 4 of South Stoddard addition, according to an amended plat

thereof on record in the office of the recorder of deeds for said city of St. Louis, Missouri, said lot having a front on the south line of Laclede avenue in said city of twenty-five feet by a depth of one hundred and thirty feet to Garrison Court street, it being the same property conveyed by one Samuel M. Smith and wife to said Sarah Clifton, deceased, by deed of warranty dated November 1, 1883. Wherefore it is adjudged and decreed by the court that plaintiff recover said sum of the estate of said Sarah Clifton in hands of Daniel W. Clifton, administrator, the same to be levied of the property charged with the lien thereof, and herein before described, and his costs and charges herein expended, and that the clerk of this court do certify this judgment to the probate court."

The agreed statement of facts mentioned in the decree was signed by John Anderson and Daniel W. Clifton, administrator of Sarah Clifton, deceased, and it was to this effect: That Sarah Clifton was the wife of Daniel W. Clifton, and that the former acquired the real estate mentioned in the decree during her coverture, and that she held it as her separate property; that the property was incumbered by her for a part of the purchase money, and that, for the purpose of fully paying this incumbrance, she borrowed of her brother, John Anderson, the sum of five hundred dollars, and that, at the time the money was loaned, she agreed to give him a deed of trust on the real estate to secure the same, but that she was prevented from so doing on account of her death a short time thereafter.

The plaintiffs averred that they were in possession of the land in controversy; that the deed, by which the property was conveyed to Sarah Clifton, vested in her an ordinary estate only; that, upon her death, Daniel W. Clifton became entitled to the possession thereof as tenant by the curtesy, and his children, the other plaintiffs, were the owners of the fee, subject to his life-estate; that the plaintiffs were, at the date of the

institution of the suit in the actual occupancy of the property; that D. W. Clifton, in signing the agreed statement of facts, did not know the nature of his wife's title, and relied entirely on the representation of the attorney of John Anderson in reference thereto; that the defendant was about to have the property sold under the decree, and that such a sale would cast a cloud on the title of the plaintiffs.

Upon this statement of facts the plaintiffs claimed that, as to them, the decree of the circuit court subjecting the aforesaid real estate to the payment of the alleged debt from Mrs. Clifton to the defendant was inoperative, and they prayed that it be set aside and held for naught, and that the defendant be restrained from enforcing or attempting to enforce the same.

The answer of the defendant was in effect a general denial. The cause was submitted to the court, and a final judgment was entered against the plaintiffs. From this judgment the plaintiffs have prosecuted this appeal.

The nature of Mrs. Clifton's title, the circumstances under which Daniel W. Clifton signed the agreed statement of facts, the legal effect of the admissions therein by him, and the validity of the decree based thereon, seem to have constituted the chief matters of dispute on the trial.

On the first day of November, 1883, Mrs. Clifton purchased the property from one Samuel M. Smith, and it is conceded that the deed from Smith upon its face vested in Mrs. Clifton an ordinary estate, and contained no words, which, either expressly or by fair implication, could be so construed as to render the estate conveyed the sole and separate estate of the wife. But notwithstanding this the defendant claims that the property conveyed must in equity be regarded as the separate property of Mrs. Clifton, because it was paid for with money received by her as a gift at and subsequent to the purchase, and that the money so received by her was, under the laws of this state, her sole and

separate property ; therefore, the defendant insists that
Mrs. Clifton, by reason of the fact that she borrowed
the money from him for the benefit of her separate
property, created a charge on it in his favor for
the amount so loaned, and that, for this reason, the
judgment, sought to be set aside in this proceeding,
ought to be upheld.   The defendant also endeavors to
sustain the decree for the sale of the land upon the
further ground that the money borrowed from him was
used by Mrs. Clifton in discharging a valid and subsist-
ing mortgage on the property, and that a court of
equity would subrogate him to the rights of the holder
of this mortgage.

Under the view which we have taken of this case it
will not be necessary or proper for us, for want of the
necessary parties to the first decree, to determine the
character of Mrs. Clifton's estate in the land in contro-
versy.   For the purposes of this appeal, all that the
defendant claims may be conceded, yet, under the
decisions of this court and the supreme court ( *Boat-
men's Savings Bank v. McMenamy*, 35 Mo. App. 198,
and *Davis v. Smith*, 75 Mo. 219 ), the decree charging
the land with the payment of the defendant's debt
must be held to be invalid, because Mrs. Clifton died
intestate, and her children were not made parties.   In
both cases it was flatly decided that, when a married
woman dies seized of separate realty which is sought to
be charged with her obligations, her personal represen-
tative is not a proper party ; that the cause of action
is not a personal one against the wife, and does not
survive against her personal representative, but that it
is against the land alone and that her heirs are the only
necessary or proper parties.   It, therefore, follows that
Daniel W. Clifton, as administrator of his wife, or as
an individual, was not a necessary or proper party, and
that the decree, rendered against him in his representa-
tive capacity, could, in no way, prejudice his individual

interest as a tenant by the curtesy, or that of his children, as the owners of the title. That he possessed an estate by the curtesy in the real estate cannot be questioned ( *Tremmel v. Kleiboldt*, 75 Mo. 255 ), and this interest could not be made subordinate to the alleged equitable claim of the plaintiff by the admissions made by him in the agreed statement of facts. Nothing short of an express agreement to waive his right of curtesy in favor of the defendant's claim could accomplish such a result. Therefore, it cannot be successfully maintained that he or his children are concluded by the terms of the decree, or in any manner estopped by admissions made by him as the personal representative of his wife.

Whether the first decree can be upheld on the theory, that it was in effect a subrogation of the defendant to the rights of the mortgagee to the extent of the money furnished by him ( defendant ) towards the discharge of the mortgage debt, cannot be considered by us in support of the present decree for two reasons : *First.* The circuit court, in rendering the first decree, did not proceed upon any such theory. *Second.* The children of Mrs. Clifton would be necessary parties in such a proceeding.

Having reached the conclusion that the decree sought to be annulled by the plaintiffs is invalid, the only remaining question for our determination is the right of a court of equity to interfere. The defendant insists that the remedy at law is adequate, and that for this reason the plaintiffs have improperly invoked the aid of a court of chancery. The right or power of a court of chancery to prevent a sale, which, in its effect, would cast a cloud upon the title to real estate, is no longer an open question in this state. *Gardner v. Terry*, 99 Mo. 523 ; *Parks v. Bank*, 31 Mo. App. 12 ; *McPike v. Pew*, 51 Mo. 63 ; *Martin v. Jones*, 72 Mo. 24 ; *Vogler v. Montgomery*, 54 Mo. 577 ; *Harrington v. Utterback*, 57 Mo. 519 ; *State v. Tiedemann*, 69 Mo. 306.

Although the sale sought to be enforced would convey no title, and the parties seeking the injunction might be able to defend themselves against the result of the sale by legal proceedings, yet the true policy of the law is to prevent the void act, and thereby avoid a multiplicity of suits springing out of it. That the plaintiffs in this action would be able to defend their possessory right to the property against a purchaser at a sale under the defendant's decree may be true, yet the invalidity of such a sale could only be made to appear by matters outside of the record, and, until this fact should be established, the plaintiffs' title would be discredited and material damage might result on account of it. To prevent this injustice and annoyance, a court of chancery will, and ought to, interpose and arrest the wrong in its incipiency.

We are of the opinion that the first decree of the circuit court, making the defendant's debt a charge upon the property mentioned therein, was unwarranted, and, therefore, the judgment in the present action must be reversed. As, however, under the facts of the case, the defendant appears to have a meritorious claim which he can assert and may possibly establish by cross-bill for subrogation, or the establishment of an equitable lien in this action, provided he shows that the property was the separate estate of Sarah Clifton, we will not dismiss the bill, but remand the cause for further proceedings.

Reversed and remanded. All the judges concur.