LOCKWOOD *et al.*, Appellants, v. CITY OF ST. LOUIS *et al.*, Respondents.

1. Although the courts will not interfere by injunction to restrain the sale of personal property levied upon and advertised to be sold for the payment of taxes illegally assessed; yet, it seems, they will so interfere where it is sought to enjoin the sale of real property. (Deane v. Todd, 22 Mo. 91, explained.)

2. Church property in the city of St. Louis was liable, under the sewerage act of March 12, 1949, (Sess. Acts, 1849, p. 519,) to be assessed for the construction of sewers.

*Appeal from St. Louis Land Court.*

This was a petition for an injunction to restrain the sale by the city of St. Louis of St. George's church. The plaintiffs are the trustees of St. George's church. They allege in their petition that a special tax for the year 1854, amounting to

Lockwood v. City of St. Louis.

$139 25, was assessed upon St. George's church for the construction of a sewer in the district in which said church is situated ; that the said church had been advertised for sale for the payment of said tax by the City of St. Louis, by her comptroller, H. Overstoltz.   Plaintiffs prayed for an order enjoining the sale ; also that the assessment be declared illegal and void ; also that the city be enjoined against further assessing or levying any tax against said church property for the construction of said sewer.

A restraining order was granted.   The petition was demurred to, and, the demurrer having been sustained, the injunction was dissolved.   Plaintiffs appealed to this court.

*J. A. Kasson,* for appellants.

*T. T. Gantt* and *W. L. Williams,* for respondents.

LEONARD, Judge, delivered the opinion of the court.

1. This court has allowed relief by injunction in several cases where real property was about to be sold for the non-payment of taxes assessed by a municipal corporation, but has never allowed it, that I am aware of, to prevent a sale of personal property.   The distinction is obvious enough.   In one case, a cloud is about to be drawn over a land title, and the court interferes to prevent it ; in the other, the legal remedy is full and ample, and no reason exists for the interposition of equity.   The present case falls within the previous decisions of this court ; but in Deane v. Todd, (22 Mo. 91,) to which we have been referred, the sale sought to be enjoined was of personal property ; and, although the judgment there certainly did not extend the doctrine of this court, as to the relief by injunction, to sales of personal property, it did not disturb the adjudications already made in reference to sales of real property ; no matter what the judges, who concurred in that opinion, may have thought of those decisions as an original question.

2. The principal matter, however, for our judgment here is, whether church property is liable to be assessed for the con-

struction of a sewer, pursuant to the St. Louis sewerage act of the 12th of March, 1849. These special assessments are found in the English law, and have prevailed, it is believed, in most, if not all, of our American states, and their validity, when assessed as in this instance, can not be questioned under our constitution. (4 Comst. 609, Appendix, where the cases upon this subject are collected and referred to.) Their intrinsic justice strikes every one. If an improvement is to be made, the benefit of which is local, it is but just that the property benefitted should bear the burden. While the few ought not to be taxed for the benefit of the whole, the whole ought to be taxed for the few. A single township in a county ought not to bear the whole county expenses, neither ought the whole county to be taxed for the benefit of a single township ; and the same principle requires that taxation for a local object, beneficial only to a portion of a town or city, should be upon that part only. General taxation for a mere local purpose is unjust ; it burdens those who are not benefitted, and benefits those who are exempt from the burden. This fair principle is adopted in the act of the legislature now under consideration. After directing the city to be laid off into sewer districts, with a view to a general plan of drainage, it provides that when a majority of the owners of real estate in any district shall apply for the construction of a sewer, the corporation is authorized to levy and collect for that purpose " a special tax on the real estate within the district so drained," " not to exceed one half of one per cent. per annum on the assessed value of the real estate," and to be " *annually levied and collected as other city taxes.*" The question in the mind of the lawgiver was, whether this was a local improvement, and if so, upon what property the expense of constructing it ought to be assessed ; and the legislature, having expressly laid the burden upon all the real estate within the district, without exempting any of it, the question is, whether an exemption ought to be implied by the courts in favor of church property, because by the city charter the general authority there given to levy and collect taxes is confined to

" property made taxable by law," and by law church property is expressly exempted from state and county taxation. We think not. The words of the act import no such exemption, and the principle on which church property is exempted from contributing to the general expenses of the government, either state or municipal, is not applicable to a special assessment of this kind. The question has been discussed and settled in other states in cases where the claim to exemption stood under the law on perhaps stronger ground than it does here. In the matter of the Mayor of New York, &c., for improving Nassau street, (11 Johns. 77,) several churches were included within the street assessment, and they claimed to be exempted from its operation under the provision of the state law that " no real estate belonging to any church shall be taxed by any law of this state." The court held that this referred to general taxes to be assessed for the benefit of the town, county, or state at large ; that, to pay for the opening of a street, in proportion to the benefit derived from it, was no burden, and therefore no tax, within the meaning of the law; and, finally, that the maxim, that he who feels the benefit ought to feel the burden also, was consistent with the interests and dictates of science and religion. And a decision to the same effect was made in Pennsylvania, in The Northern Liberties v. St. John's Church. (13 Penn. 107.) We need hardly remark that there is nothing in the other ground of exemption suggested in the present case. Judgment affirmed.