ST. LOUIS PUBLIC SCHOOLS, Plaintiff in Error, v. CITY OF ST. LOUIS, Defendant in Error.

1. The real estate belonging to the board of public schools of the city of St. Louis is liable to be assessed, under and by virtue of ordinances of the city of St. Louis, for the construction of sewers, paving of side-walks, opening streets, &c. (Lockwood v. City of St. Louis, 24 Mo. 20, affirmed.)

*Error to St. Louis Land Court.*

Demurrer to a petition. The plaintiffs are the board of president and directors of the St. Louis Public Schools. The petition is as follows: " Plaintiffs state that they own and hold block No. 107 in the city of St. Louis, fronting on streets on every side thereof, and divers lots of ground in the city of St. Louis, and state of Missouri, all of which have not been disposed of to individuals by sale or lease, and all of which were granted by the United States, for the support of schools in said city, by the acts of congress of June 13, 1812, May 26, 1824, and January 27, 1831, respectively; and that they also own, hold and use, at this time and for several years heretofore, divers school-houses, and other buildings in said city, for the purposes of education, with their

furniture and equipments and the land appurtenant thereto and used therewith. The defendant, through its officers and agents, duly authorized by the ordinances of said city, are proceeding to assess and collect local special taxes on and from said property, respectively, to pay the expenses of opening divers streets, of paving divers side-walks along said streets, and of constructing divers sewers in said streets, in the same manner as property belonging to private individuals is assessed and collected for the purposes aforesaid. Each piece of said property is assessed and taxed separately to pay for the opening of the street adjoining the same, and for paving the side-walks thereof, and for constructing the sewer in each street. The said taxation is not for general revenue purposes, but is local and only on such portions of said property, respectively, as is near or contiguous to any street to be opened or in which a sewer is to be constructed. The plaintiffs contend that said property is exempt from taxation for any of the aforesaid purposes by the second section of the first article of the act of the legislature of this state, entitled 'An act to provide for levying, assessing and collecting the revenue,' approved December 13, 1855. The plaintiffs therefore ask this court for judgment against the defendant, forever enjoining and prohibiting said defendant from assessing or collecting any part thereof for the purposes aforesaid, or for any other purposes whatever; and the plaintiffs also ask for such other and further and general relief in the premises as they may be lawfully entitled to."

The court sustained a demurrer to this petition.

*Casselberry*, for plaintiffs in error.

I. The principle of the case of Lockwood v. City of St. Louis is not applicable to this case. That case turned on the fact as to whether the improvements to be made were local or general. The property held by the St. Louis Public Schools is owned by the people of the whole city. The school corporation represents precisely the same people that the city corporation does. One is created for police purposes and

the other for educational purposes. If the school property is benefitted by the improvement, let the city pay for it out of the general treasury belonging to the people of the whole city, and by this means the school property belonging to the whole population will be benefitted and the expense of assessing and collecting from the school board would be entirely avoided. The legislature never intended that the whole people should be burdened with the expense of levying, assessing and collecting a local tax of this kind on their own property. It is like an individual taking money out of one of his pockets and putting it into another. The school property of the city should be exempt from all kinds of taxation, whether local, general, special or otherwise. (R. C. 1845, p. 1322, sec. 2.)

*Bay*, (city counsellor,) for defendant in error.

I. The tax imposed upon the schools was a special local tax, imposed for the purpose of paving side-walks, constructing sewers, &c., &c., and the exemption of the second section of the revenue act (R. C. 1855, p. 1323) has no application to a tax of this kind. (See Lockwood v. City of St. Louis, 24 Mo. 20; 11 Johns. 77; 13 Penn. 107; 3 Wend. 263.)

NAPTON, Judge, delivered the opinion of the court.

We have not been able to distinguish this case from the case of Lockwood, 24 Mo. 20. It has been suggested that the two corporations concerned in this suit—the City of St. Louis and the St. Louis Public Schools—are identical in interest, being composed of the same constituents, and therefore the local assessment levied and collected on the property of the Public Schools by the city authorities is merely transferring the burthen of the improvement from one branch of the treasury to another. But although the citizens of St. Louis may be alike interested in both corporations, the management of each is distinct, invested in different bodies differently organized and governed by different rules and responsibilities. It is important to the interest of the people com-

posing each corporation that these separate responsibilities should not be removed. The result of the contrary doctrine would be that every ordinance for paving a street, or making a sewer in a district of the city in which the Public Schools had property, would be virtually to tax the citizens of the district for an increase in the funds of the Public Schools, when it may be that this latter corporation has already ample means for its purposes.

The judgment of the land court is affirmed, the other judges concurring.