W. C. MULLINS, Appellant, v. MOUNT SAINT MARY'S CEMETERY ASSOCIATION et al.

Division Two, February 6, 1912.

1. **BENEFIT ASSESSMENTS: Sewer: Cemetery: Charter.** Under the charter of Kansas City the land of an incorporated public cemetery is chargeable with its share of the cost of the construction of a district sewer.

2. ———: ———: ———: **Constitution.** The provision of the Constitution (Sec. 6, art. 10) declaring that "the property, real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation" has reference to general taxes levied and collected for the support of the State, and does not refer to special taxes assessed to pay the cost of a local improvement. It does not render invalid a city charter requiring cemetery property to bear, along with other private land in the district, its proportionate part of the cost of a district sewer, whose cost is taxed against all lands in the district, except streets and alleys, in proportion to area.

3. ———: ———: ———: **Public Property: Legislative Authority.** While it is within the power of the Legislature, in the absence of a constitutional restriction, to make strictly

public property liable for the payment of local improvements, a statute providing for such a charge will not be construed as including public property unless it so provides expressly or by necessary implication.

4. ————: ————: ————: Statute: Property Not Subject to Execution. The statute (Sec. 2181, R. S. 1909) providing that "all courthouses, jails, clerks' offices and other buildings owned by any county or municipality, and the lots on which they stand, and all burial grounds, shall be exempt from attachment and execution" does not render invalid a city charter provision authorizing an assessment upon the lands of a public cemetery of its proportionate share of the cost of a district sewer or other local improvement. It refers solely to a *fieri facias* writ; and simply because it prohibits the levying of such a writ against cemetery property, is no reason for holding that it exempts such property from its share of the burden of a local improvement; for if that were true, by the same reasoning, it would exempt all homesteads in a city from the burden of a local improvement of any kind, since homesteads cannot be sold under general executions for debts.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

REVERSED AND REMANDED.

*Fyke & Snider* for appellant.

(1) Land belonging to a cemetery association is not exempted by any provision of the charter from special assessments. The courts of this State have uniformly held that churches, charitable institutions, school property and cemeteries, are not exempt from special assessments for local improvements. Lockwood v. St. Louis, 24 Mo. 20; Public Schools v. St. Louis, 26 Mo. 468; Sheehan v. Hospital, 58 Mo. 155; City of Clinton ex rel. v. Henry Co., 115 Mo. 557; Kansas City v. Bacon, 147 Mo. 281; Driving Park v. Kansas City, 174 Mo. 425. Such has been the holding in other States. In re Broad Street v. M. E. Church, 165 Pa. St. 475; New Castle v. Stone Church Graveyard, 172 Pa. St. 86; Beltzhoover Borough v. Beltz-

hoover Heirs, 173 Pa. St. 213; Cemetery Association
v. People, 139 Ill. 16; Boston Seamen's Friend v. May-
or of Boston, 116 Mass. 181; Board of Imp. v. Sisters
of Mercy, 109 S. W. (Ark.) 1165; Donnelly v. Ceme-
tery Association, 146 Mass. 163.   The burden is on
defendant to show that its property is exempt from
special assessments.   By the provisions of the charter
all property in the district must bear its proportion-
ate part of the cost of the improvement.   No prop-
erty is exempt except such as is clearly made so by
the act.   People v. Anderson, 117 Ill. 50.   (2) The
board of public works was without authority to omit
the land of the cemetery company in making the assess-
ment.   If such land had been omitted the taxbills
against other property in the district would have been
excessive to that extent.   St. Louis v. Railroad, 50
Mo. 94; Farrar v. St. Louis, 80 Mo. 393; Scammon v.
City, 42 Ill. 192.   The property of the cemetery asso-
ciation is not public property, but is the private prop-
erty of the corporation.   It is not devoted to public
use.   Nobody could be buried within its limits with-
out the consent of defendant.   Matter of Deansville
Cemetery Association, 66 N. Y. 569; Patrick Donnelly
v. Cemetery, 146 Mass. 163.   (3) The land of the cem-
etery association being subject to assessment for lo-
cal improvements, the only remaining question then
is, Can such liability be enforced by the courts?   Un-
der the law we have a clear right.   Have we no rem-
edy?   We think we have.   Construction Co. v. Rail-
road, 206 Mo. 172; State ex rel. v. Lange, 16 Mo. App.
468; McQuery v. Reed, 23 Ia. 410; Sioux City v. In-
dependent District of Sioux City, 55 Ia. 150; Lima v.
Cemetery Association, 42 Oh. St. 128; Baltimore v.
Cemetery Association, 7 Md. 517; Cemetery v. Buffalo,
46 N. Y. 506; Cemetery Association v. People, 139 Ill.
16; Cemetery Co. v. Kern, 147 Ill. 483; People v. Cem-
etery Co., 86 Ill. 336; Chicago to use v. Chicago, 69

N. E. (Ill.) 580; Board of Imp. v. School Dist., 56 Ark. 354. Section 3160 does not exempt land from execution unless it is actually used as burial ground. Otherwise a private corporation, such as defendant, could, by fencing a whole section of land, calling it burial grounds, and burying a few bodies on one corner or one side of it, hold it exempt from execution from taxes, general and special, until by the growth of the city it became immensely valuable, and then sell it for speculation. State, etc. v. Mayor, etc., of Newark, 35 N. J. 157. Under the petition in this case the court has the inherent power to render a judgment or decree ordering any part of the land not actually used for burial purposes, or so much thereof as may be necessary, to be sold to discharge the lien.

*William Moore* and *McCune, Harding, Brown & Murphy* for respondents.

(1) The land sought to be subjected to sale for the taxbills in suit in this case is a public cemetery which is actually occupied. It is not operated for profit. It is exempt from seizure and sale under execution, and the action of Kansas City in issuing taxbills against it was unlawful and the taxbills are void. R. S. 1899, secs. 3160 and 5215; St. Louis v. Brown, 155 Mo. 561; Clinton ex rel. v. Henry County, 115 Mo. 570; Neeman v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Avery v. Cemetery, 127 Mich. 125; Wolford v. Cemetery, 54 Minn. 440; Bank v. Hazel, 63 Neb. 844; Cemetery v. Meninger, 14 Kan. 312; Louisville v. Nevin, 10 Bush. 549; Cemetery v. Buffalo, 118 N. Y. 61; Cemetery v. Yonkers, 63 N. Y. App. 448; Cemetery v. New Haven, 43 Conn. 234. (2) No equitable action will lie in this case and no part of the cemetery may be sold. Avery v. Cemetery, 127 Mich. 125; Wolford v. Cemetery, 54 Minn. 440; St. Louis v. Brown, 155 Mo. 561; Pawnee v. Hazel, 63 Neb. 844; Louisville v. Nev-

in, 73 Ky. 549. (3) Under the established law of this State, a general judgment cannot be rendered for special assessments of local improvements, and any statute or charter provision authorizing such a judgment is unconstitutional and void. St. Louis v. Construction Co., 202 Mo. 469; St. Louis v. Allen, 53 Mo. 44; Neeman v. Smith, 50 Mo. 525; Louisiana v. Nutter, 66 Mo. 467; Vance v. Corrigan, 78 Mo. 96; Huggins v. Ausmuss, 77 Mo. 353; Clinton v. Henry Co., 115 Mo. 569; Asphalt Co. v. St. Joseph, 183 Mo. 451. (4) The Constitution neither exempts nor forbids the exemption of burial grounds from assessments for local improvements. Corrigan v. Kansas City, 211 Mo. 627. (5) Proceedings to compel owners of land to pay such assessments are *in invitum.* There is no pre-existing right in the holder of the taxbill to enforce it. Paving Co. v. Munn, 185 Mo. 574; Rose v. Trestrail, 62 Mo. App. 355; Smith v. Westport, 105 Mo. App. 224. (6) When a statute creates a new right and prescribes a remedy, the statutory remedy is exclusive. Clinton v. Henry County, 115 Mo. 569. (7) The remedy provided by the charter of 1889 for the enforcement of these taxbills is a sale of the land described in the bill on special execution. Sec. 18, art. 9, charter. (8) By the general laws of this State, burial grounds are exempt from sale on execution. R. S. 1909, sec. 2181. (9) Therefore, as the only remedy provided is ineffectual, it must be assumed that the framers of the charter did not intend to subject either the cemetery or its lands to this assessment. Clinton v. Henry County,115 Mo. 569; St. Louis v. Brown, 155 Mo. 561. (10) This is not a case where there is a right and therefore a remedy. There is no right and therefore no remedy. Clinton v. Henry County, 115 Mo. 570; St. Louis v. Brown, 155 Mo. 561; Paving Co. v. Mann. 185 Mo. 552. (11) To hold these taxbills uncollectible need not work appellant any hardship. The cost of

the work may be reapportioned against the lands in the sewer district subject to assessment. State ex rel. v. St. Louis, 183 Mo. 230; Bank v. Ridge, 79 Mo. App. 26.

KENNISH, P. J.—This action was brought in the circuit court of Jackson county upon two special tax-bills in the total sum of $17,598.28, issued to the appellant by the city of Kansas City, in payment for the construction of a sewer. Respondent is an incorporated public cemetery association, and owns about thirty-five acres of land in said city, dedicated, used and to be used for cemetery and burial purposes. About ten acres of this land, particularly described in the petition, has not been sold by the respondent and no interments have been made therein. In accordance with the provisions of the charter and ordinances of said city a sewer district was established, embracing the lands benefited by the construction of the sewer and made liable to assessment for the payment of the cost of the construction thereof. Respondent's cemetery property is situated within the limits of said sewer district. The taxbills in suit were issued against respondent's property, as in the case of other real property within the benefited area.

Respondent filed a general demurrer to plaintiff's petition, which was sustained by the court, and plaintiff declining to plead further, judgment was rendered against him, from which he appealed to this court.

It is contended by respondent that land used for a public cemetery and for burial purposes is not subject to special taxes assessed to pay for local improvements, such as the sewer for which the taxbills in suit were issued. That contention was upheld by the trial court, and the correctness of that ruling is the decisive question on this appeal.

The sewer referred to in the petition was constructed by appellant under the provisions of the city charter, and an ordinance enacted for that purpose. The sections of the charter providing for the payment of the cost of sewers are the following:

"Sec. 10. As soon as the work of constructing . . . any district sewer shall have been completed under a contract let for the purpose, the board of public works shall compute the whole cost thereof, and apportion and charge the same as a special tax against the lots of land in the district, exclusive of the improvements, and in the proportion that their respective areas bear to the area of the whole district, exclusive of the streets, avenues, alleys and public highways, and shall, except as hereinafter provided, make out and certify in favor of the contractor or contractors to be paid, a special taxbill for the amount of the special tax against each lot in the district.

"Sec. 14. When the city shall own in fee simple absolute any lot or parcel of land, or hold any land not used as a street, avenue, alley or public highway, it shall out of the general fund pay its proper share of the cost of any such work to be paid for in special taxbills as though a private owner of such land, but there shall be no taxbill against any land so owned or held by the city. The board of public works shall ascertain the share for which the city shall be justly liable and the amount so ascertained shall be certified to by the board of public works."

It is provided by section 6, article 10, of the Constitution of this State that: "The property, real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation." The law is too well established to require the citation of authorities that the exemption from taxation in the foregoing section of the Constitution has reference to general taxes, levied and collected

for the support and maintenance of the State, and not to special taxes assessed to pay the cost of local improvements. The correctness of this proposition is not contested by respondent. It rests its claim, that its property is exempt from liability for the taxes sued for, upon a statute hereinafter discussed.

The charter provisions above set forth leave little doubt that the framers of that instrument intended that the whole cost of the improvement should be charged against all the land in the district benefited, exclusive of public thoroughfares, and in the proportion that the respective areas bear to the area of the whole district. That no property within the district was intended to be exempted from liability is made clear by said section 14 of the charter, which provides that when the city owns property in the benefited district it shall pay out of the general fund "its proportionate share of the cost of any such work, . . . as though a private owner of said land." And as no lot of land in the district is liable for more than its proportionate part of the total cost, according to its area. it is apparent that if any part of the land included be exempt, then the payment of the corresponding part of the cost of the improvement is entirely unprovided for in the charter. These considerations and the provisions of the charter, by authority of which this improvement was made, plainly indicate that it was not intended or contemplated that respondent's cemetery property should be exempt from the payment of its proportionate part of the cost of the sewer. It follows that the special taxbills in suit must be held to be a valid charge against respondent's land unless the charter provisions under which they were issued are in conflict with the Constitution or a dominant statutory provision. The only provision of the Constitution upon the subject has already been referred to and as it

has been construed by the courts not to refer to local assessments, it need not be further considered.

It is settled law that statutes creating exemptions from taxes, whether general or special, are strictly construed, and the right of exemption exists only when expressed in explicit terms and must be established beyond a reasonable doubt. [State ex rel. v. Casey, 210 Mo. 235; State ex rel. v. Johnston, 214 Mo. 656; 1 Cooley on Taxation (3 Ed.), 362.] An exception is made by the courts to the foregoing rule in the case of strictly public property, but this exception does not extend to such property as cemeteries or burial grounds.

The principle of law applicable in the case of strictly public property is that while it is within the power of the Legislature, in the absence of a constitutional restriction, to make such property liable for the payment of local improvements, an enactment providing for such improvements will not be construed as including public property unless it so provides, expressly or by necessary implication. [City of Clinton to use v. Henry County, 115 Mo. 557; St. Louis v. Brown, 155 Mo. 561; Inhabitants v. Mayor, 116 Mass. 193; City of Atlanta v. First Presbyterian Church, 86 Ga. 730.] In the case of Clinton to use v. Henry County, supra, l. c. 571, the dictinction between the two classes of property was recognized by this court in the following language: ''That case is authority for the conclusion reached in the first part of this opinion, but we do not see that the case goes any further. As to many of the other cases cited by plaintiffs, it may be observed that there is a wide difference between property held and used for strictly public uses, as for courthouse and jail purposes, and property held by corporations organized for private gain, though the property is in a sense devoted to public use, as the

239 Sup.—44

property of railroads and cemetery companies. This difference will distinguish many of the cases cited by counsel for the plaintiff from the one now in hand. The property here in question is strictly public property, and on well settled principles of law cannot be held liable for these local improvement assessments until the Legislature so says in clear terms or by necessary implication, and that it has not done by the statute relating to cities of the third class." And in the case of City of Atlanta v. First Presbyterian Church, supra, l. c. 736, discussing a statute providing for local improvements, in which no property was expressly exempt from liability for the cost thereof, the court said: "And yet, clear and definite as they are, we can be morally certain that they comprehended more than the Legislature intended they should; for they cover by their letter public as well as private property, and subject the whole alike to assessment, lien, levy and sale. That the public property of the United States, the State, the county or the city was intended to be dealt with thus is so improbable that we can have no hesitation in holding that an implied exception as to all public property can and should be engrafted upon the act by construction. And just here the real question in its ultimate form emerges: Can a like exception in favor of church property, which all will agree is not public but strictly private property, be recognized, and the words of the statute still further narrowed by construction so as to exclude it also?" The court held that while strictly public property would be excepted from such an enactment by the construction of the courts, it would not be so construed as to exempt church property from liability.

Section 2181, Revised Statutes 1909, is as follows:

"All courthouses, jails, clerks' offices and other buildings owned by any county or municipality, and

the lots on which they stand, and all burial grounds, shall be exempt from attachment and execution."

Relying upon this section of the law on the subject of executions and exemptions, counsel for respondent maintain that the property of the cemetery is not liable for local assessments. They reason that an assessment for a local improvement is a charge against the property benefited and can only be enforced by a special execution directed against such property; that, as cemetery property is exempt from execution, the law has provided no means of enforcing the collection of such assessments against cemetery property, from which it follows that such property must be held to be exempt from such liability. We cannot give our assent to this proposition. An examination of said section 2181 and the sections of the same article found in connection therewith, makes it clear that in the enactment of said section special executions against property benefited, for the collection of an assessment for local improvements, are not intended to be included in the exemption therein mentioned. The first section of said article provides that: "The party in whose favor any judgment, order or decree is rendered, may have an execution in conformity therewith." And the next succeeding section: "Such execution shall be a *fieri facias* against the goods, chattels and real estate of the party against whom the judgment, order or decree is rendered, and shall be to the following effect," etc.

Other sections as to the exemptions of the execution debtor, making it the duty of the clerk of the court to indorse on the execution the debt, damages and costs, etc., etc., are equally convincing that section 2181 was not intended to include executions issued against specific property assessed for local improvements.

This question was considered in the case of Bloomington Cemetery Association v. People, 139 Ill. 16, in which the court, l. c. 20, said: "Nor does the fact that this land may be exempt from execution deprive the county court of the power to order it sold for a delinquent special tax. The exemption from execution here meant is exemption from sale on that writ as generally understood—a writ of *fi. fa.* It is not shown that any part of the land ordered sold has been actually used for burial purposes. This appellant is a private corporation, and its property may be sold like that of any other private owner, unless exempt by its charter. It is unlike a municipal corporation, which can only be compelled to pay a special tax or special assessment by mandamus."

It is provided by sections 6704 and 6711, Revised Statutes 1909, relating to homesteads, that the homestead "shall be exempt from attachment and execution," and "shall not be subject to attachment or levy of execution upon any liability hereafter created." As the language upon which respondent bases its claim of exemption is almost identical with that of the homestead law, then, if respondent's construction should be adopted, it would be practically beyond the power of a municipality to enforce the making of local improvements in the residence portions of the city, for the reason that the homesteads would be exempt from assessment for the payment of the cost thereof. Indeed, the construction contended for by respondent, against the validity of the taxbills in this case, could with equal force and consistency be advanced by a homesteader against an execution even for general taxes, State, county and municipal.

In the case of Clinton to use v. Henry County, supra, it was sought to collect from the county taxbills for local improvements, issued against the courthouse square. This court, l. c. 563, said: "The first inquiry is whether the Constitution or statutes ex-

empts this property from such charges.'' The statute now relied upon by respondent was then in force and is referred to in the opinion, and as courthouses and the lots on which they stand are mentioned along with cemeteries in said section 2181, as being exempt from execution, the fact that this court in holding against the city in that case did not base its decision on the ground that courthouse property was exempt under said statute, makes it evident that the court did not consider the statute applicable in such cases.

Respondent cites certain New York cases which hold that cemetery property is exempt from liability for local assessments. An examination of these cases, as also of the cases cited by respondent from other States, has convinced us that they do not support respondent's contention. In the case of Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, the court construed a statute which exempted all cemetery property from ''all public taxes, rates and assessments'' and the court held such property liable for local assessments for the reason that the word public modified the words ''rates and asessments'' as well as the word ''taxes,'' and therefore that the exemption did not extend to private or local assessments. After the foregoing decision was rendered the general law applicable to cemeteries was amended and the subsequent case of Buffalo Cemetery Association v. City of Buffalo, 118 N. Y. 61, construed the law as amended. This law provided that: ''No land actually used and occupied for cemetery purposes shall be sold under execution or for any taxes or assessments.'' The court held in that case that under the language of that statute cemetery property was exempt from local assessments, and that construction has been adhered to by that court in subsequent cases. [Matter of City of New York, 192 N. Y. 459.]

The language construed by the court in the latter cases is so different from that of said section 2181

that the decision lends no support to respondent's contention in this case. On the other hand, the former decision, holding that cemetery property was not exempt from assessment for local improvements, and the recognition by the Legislature of the necessity of amending the law, as shown by the enactment of a new section expressly providing that no land used for cemetery purposes should be sold under execution or for any taxes or assessments, give support to the contention of appellant that the right to such exemption exists only when it is clearly embraced within the terms of a constitutional or statutory provision granting the exemption. It should be added that if exemption of cemetery property from sale on execution would give to it immunity from liability for local improvements then there would have been no necessity for adding in the New York statute the words "or for any taxes or assessments."

Other questions have been discussed in the briefs of counsel which, in the view we have taken of the case, we do not deem necessary to decide.

After a careful consideration of the questions so ably presented by counsel for respondent, we are of opinion that the court erred in sustaining the demurrer to the first and second counts of the petition, and accordingly the judgment should be reversed and the cause remanded. It is so ordered. *Ferriss* and *Brown, JJ.,* concur.