T. L. THOGMARTIN et al., Appellants, v. NEVADA SCHOOL DISTRICT, Respondent.

Kansas City Court of Appeals, May 3, 1915.

1. SPECIAL TAX BILLS: Assessments for Local Improvements: Public Schools. The constitutional exemption of certain public property from taxation does not apply to special assessments for local improvements. So that it is within the legislative power to make them pay its share of the expense of a local public improvement, but the legislature must do so by express enactment or by clear implication. Mere general language in a statute is insufficient.

2. ――――: ――――: ――――: Statute. The Act of April 3, 1911, Laws of Mo. 1911, p. 337 making "all lands owned by any county, or city, and all other public lands, cemeteries and railroad rights of way," liable for their proportionate part of the cost of a public improvement to a street upon which they front, does not include public schools and therefore does not apply to them.

3. ――――: ――――: ――――. A school district is not a part of a county nor is it a municipal corporation. And public school grounds, while public in one sense, are not public in the sense in which the term "public lands" is ordinarily understood.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*A. J. King, H. C. Clark* and *W. H. Hallett* for appellants.

(1) All lands owned by any county, or city, and all other public lands, cemeteries and railroad rights of way, fronting or abutting on any of said improvements, shall be liable for their proportionate part of the cost of such improvement, and tax bills shall be issued against such property as against other property, and any county or city that shall own any such property shall out of the general revenue funds pay any such tax bill, and in any case where any county or city or railroad company shall fail to pay any such tax bill, the owners or holders of same may sue such county, city or railroad company on such tax bill and be entitled to recover a general judgment against such county or railroad company. Session Acts of Missouri of 1911, page 337 of article 4 of chapter 84, of the Revised Statutes of 1909, as amended. State to use v. Tiedemann, 69 Mo. 306 Mullins v. Cemetery Association, 239 Mo. 681.

*W. M. Bowker* and *Chas. E. Gilbert* for respondent.

(1) There is no authority, under the statutes, to tax a public school district for paving and guttering a public street abutting on its property; and no authority, in law, for obtaining a personal judgment against such school district. Session Acts, 1911, page 337, sec. 9254; City of Clinton ex rel. v. Henry Co., 115 Mo. 557; St. Louis v. Brown, 155 Mo. 545; Mullin v. Cemetery Ass'n., 239 Mo. 681. (2) A school district

is not a municipal corporation. State ex rel. v. Gordon, 231 Mo. 575. (3) A personal judgment cannot be rendered in a tax bill proceedings to enforce a lien for special taxes. St. Louis v. Wright Contracting Co., 202 Mo. 469; Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Thornton v. City of Clinton, 148 Mo. 663. (4) The appellants in this case could have had the entire cost of this paving assessed against the property subject to taxation in the block. St. Louis v. Brown, 155 Mo. 545.

TRIMBLE, J.—The city of Nevada, Missouri (a city of the third class), by ordinance, directed that Washington street in said city be paved, curbed, and guttered; and appellants were the contractors who did the work and received from said city special tax bills for said improvements.

Respondent is organized under the statute as a city school district and the school grounds front on said street. Appellants brought suit against said school district to recover a money judgment on the two special tax bills issued against the school grounds for paving that portion of the street on which the grounds abut. A demurrer to the petition was sustained and appellants bring the case here.

No ground is perceived for disturbing the judgment. It is true the constitutional exemption of the property of the State, counties and other municipal corporation, from taxation does not apply to special assessments for local improvements. So that it is within the legislative power to make a public school pay its share of the expense of a local public improvement, but the Legislature must do so by express enactment or by clear implication. Mere general language is not sufficient. [City of St. Louis v. Henry County, 115 Mo. 557; City of St. Louis v. Brown, 155 Mo. 545; Mullins v. Mount St. Marys Cemetery Ass'n., 239 Mo. 681, l. c. 689.]

Appellants claim such authority is given by section 9254 of the Act of April 3, 1911, Session Acts of Mo., page 337. The portion claimed as conferring such authority is found on page 338 and reads as follows:

"All lands owned by any county, or city, and all other public lands, cemeteries and railroad rights of way, fronting or abutting on any of said improvements shall be liable for their proportionate part of the cost of such improvement, and tax bills shall be issued against such property as against other property; and any county, or city that shall own any such property shall out of the general revenue funds pay any such tax bills, and in any case where any county, or city, or railroad company, shall fail to pay any such tax bill, the owner or holder of same may sue such county, city or railroad company on such tax bill, and be entitled to recover a general judgment against such county or railroad company."

It will be noticed that school districts are not mentioned in the act, though counties and cities are specified, followed by the words "and all other public lands, cemeteries and railroad rights of way." A school district is not a part of the county, nor is it a municipal corporation. [State ex rel. v. Gordon, 231 Mo. 547, 1. c. 575.] And the title to its property is vested in the school district as a public, and not as a municipal, corporation. [State ex rel. v. Henderson, 145 Mo. 329.] School districts are distinct corporations from, and have no connection with, the municipalities in which they are formed. [School Dist. No. 7 v. School Dist. of St. Joseph, 184 Mo. 140.] Hence, under the rule of statutory construction that where particular terms are used followed by general terms, the latter include only subjects of the same nature and kind as are particularly mentioned, a school district ought not to be deemed to be included within the meaning of the phrase "all other public lands."

Besides, school grounds do not and cannot come properly within the term "public lands." They are public in one sense but not in another. The school, board can enforce rules against the intrusion thereon of the public the same as a private owner. And taking the words "public lands" in their usual and ordinary sense, no one would ever think of school grounds when such phrase is used. If the Legislature had intended to make school districts liable for such improvements it would have been an easy matter to have said so. The fact that it did not mention them is strong evidence that it did not intend them to be included.

Again it has been held that proceedings to enforce payment of a special tax bill necessarily is a proceeding *in rem* and compulsory payment of the judgment can only be by a sale of the assessed property. [City of Clinton v. Henry County, 115 Mo. 557, l. c. 570.] But school property cannot be sold under general or special execution. [State ex rel. v. Tiedeman, 69 Mo. 306; City of Clinton v. Henry County, supra.] The statute in question provides for a general judgment in the case of a county, city or railroad company, but in this connection mentions nothing which by any stretch of judicial construction would include a school district. If the statute can make such a proceeding the foundation for a general judgment against such public entities as a county, city, or railroad, nevertheless it has not provided that it may be so made in the case of a school district. And as the Legislature has provided no effective remedy against it where by such judgment may be enforced, it may be taken as quite evident that the law making power did not intend the statute to apply to school districts. [City of Clinton v. Henry County, supra.]

The judgment is affirmed. All concur.