CITY OF EDINA to Use of PIONEER TRUST COMPANY, Appellant, v. SCHOOL DISTRICT OF CITY OF EDINA and KNOX COUNTY.

In Banc, November 25, 1924.

1. **APPELLATE JURISDICTION: Where County is Defendant.** The Supreme Court has jurisdiction of an appeal from a judgment in a suit on special tax bills in which a county is one of the defendants.

2. **SPECIAL TAXES: Liability of School District.** There is no statute authorizing the issuance of special tax bills in favor of a city of the fourth class against a school district therein to pay for the paving and curbing of a street upon which the school property abuts.

3. ————: ————: **Public Property.** Under the Missouri Constitution public schools are a part of the State Government, perform a public or governmental function, and are purely public corporations, and are liable for damages or assessments only w" en liability is expressly or by necessary implication imposed upon them by statute; and public school grounds are strictly public property, as much so as county courthouses or jails, and cannot be assessed with special taxes to pay for the improvement of streets bordering them, and neither can a judgment be rendered against the school district for the amount of such taxes. [Following City of Clinton ex rel. v. Henry County, 115 Mo. 565.]

4. ————: ————: ————: **Stare Decisis.** This court will with the greatest reluctance overrule its decision construing a statute as not embracing the cause of action, where the Legislature for many sessions has adhered to and framed its legislation in accordance with such decision, although if the question then decided were for the first time up for decision it might construe the statute differently.

5. ————: **Liability of County: Judgment and Lien.** By statute (Sec. 8526, R. S. 1919) the real estate belonging to the county is express-

City of Edina to use v. School District.

ly made subject to special tax bills issued by a city of the fourth class, situate therein, for improving a street, the same as are individuals owning lots abutting on the street, and a judgment can be rendered against the county on such tax bills. But neither the judgment nor the special tax bills constitute a lien against such real estate, for being public property it cannot be sold for debt, but the amount of the tax bills is a valid claim against the county, which the county must pay out of its general fund.

6. ————: ————: Pleading: Notice to Clerk. ` A petition in a suit on special tax bills issued against the county by a city of the fourth class in payment for the improvement of a public street, in the accepted and due form of petitions on such tax bills in suits against individuals, and reciting that such tax bills "were issued in accordance with the provisions of the city ordinances," is sufficient, and is not defective because it does not recite that the county clerk was served with notice of such improvement as provided by Section 8527, for the reason that by another statute (Sec. 8507, R. S. 1919) the tax bill is prima-facie evidence of the regularity of the proceedings for such special assessment.

Headnotes 1 and 4: Courts, 15 C. J. pars. 511. 340.  Headnotes 1 to 6: Municipal Corporations, 28 Cyc 1117, 1170, 1256.  Headnote 3: Schools and School Districts, 35 Cyc. 838.

Appeal from Knox Circuit Court.—*Hon. Newland M. Pettingill,* Judge.

AFFIRMED (in part) and REVERSED (in part).

*C. S. Palmer* and *W. E. Cottey* for appellant.

(1)   The exemption of "counties and other municipal corporations from taxation," Art. 10, sec. 6, Mo. Constitution, has no reference to assessments for local improvements.   Lockwood v. St. Louis, 24 Mo. 20; Sheehan v. Good Samaritan Hospital, 50 Mo. 156; Farrar v. St. Louis, 80 Mo. 379; Clinton ex rel. v. Henry County, 115 Mo. 557.   (2)   School property, although exempt from general taxes, is liable for special assessments for local improvements.   St. Louis Public Schools v. St. Louis, 26 Mo. 468.   (3)   The statute requires all property abutting

on each side of the street improved shall be assessed with the cost of the work. This includes public property and "all" means all. Sec. 8502, R. S. 1919; Sec. 9403, R. S. 1909; Heman Const. Co. v. Wabash Railroad Co., 206 Mo. 172; County of McLern v. City of Bloomington, 106 Ill. 209; City of Kalispell v. School Dist., 45 Mont. 221; Comrs. of Franklin County v. Ottawa, 49 Kan. 747; Hassan v. Rochester, 67 N. Y. 528; Roosevelt Hospital v. New York, 84 N. Y. 108. (4) A construction of the law which would exempt school property, or other property held for public use would unjustly increase the burden of other property in the taxing district, and such construction should not be adopted unless the language of the statute will bear no other interpretation. Lockwood v. St. Louis, 24 Mo. 20; E. & W. Const. Co. v. Jasper County, 117 Iowa, 365, 380; Hassan v. City of Rochester, 67 N. Y. 528. (5) The fact that the property of a school district could not be sold to satisfy the lien is no defense to a judgment declaring the lien. City ex rel. v. Wabash Railroad Co., 206 Mo. 172; City of Chicago ex rel. v. City of Chicago, 207 Ill. 37; County of McLean v. Bloomington, 106 Ill. 209. (6) The tax bills are made prima-facie evidence of the validity of all proceedings leading to their issue. There is therefore the presumption that the statutory proceedings have been complied with so far as Knox County is concerned. There is no requirement that the owners be named in bills for paving and curbing. Sec. 8507, R. S. 1919.

*Claud M. Smith* and *R. J. Raleigh* for respondents.

(1) All school property is specifically exempted by the Constitution from taxes, the same as all county courthouse grounds and other public buildings, of necessity, for the operation and maintenance of the business of the Government. Section 6, Article 10, Mo. Constitution, clearly shows that school property is not held in the eyes of the law subject to the same liabilities as privately-owned property, but is a favorite ward of the Govern-

ment. It is true the Legislature, if it saw fit, could enact laws to provide for public school property to be subjected to the payment of special assessments for local improvements, but they have so far failed so to do. Hence it is not liable. Valle v. Ziegler, 84 Mo. 214; Thogmartin v. School Dist., 189 Mo. App. 11. (2) The tax bills in question were issued under Art. 5, chap. 84, R. S. 1909. Section 9403 stipulates that all taxes such as herein sued for "shall be levied as a special assessment upon all lots and pieces of ground upon either side of such street, avenue, alley or other highway or part thereof, etc., abutting thereon." Section 9409 shows when and how it shall be paid, and if not paid as therein provided, it becomes a lien on the property, and the only way to enforce payment is to enforce the lien on the property. St. Louis v. Wright Contr. Co., 202 Mo. 469; Neenan v. Smith, 50 Mo. 525; City of Clinton v. Henry County, 115 Mo. 557. (3) The taxes sued for cannot be collected in any way except by enforcing the special lien and selling the land as provided in the statute. The same article and chapter provides in Section 9429, when certain notices have been given to the county court (which were not given in the present cause) then and in that case alone the tax bills shall become a valid claim against the county. As no way is provided by law for the collection of the taxes against the school property, then it is the presumption of law the Legislature never intended the school property should pay it. Clinton v. Henry County, 115 Mo. 557; St. Louis v. Brown, 155 Mo. 543; Thogmartin v. School District, 189 Mo. App. 11; Chandler v. Railroad, 251 Mo. 594.

SMALL, C.—Suit on special tax bills for paving and curbing Main Street in the city of Edina. The bills were for $2140.33, payable in three annual installments. The petition is in the usual form in such cases and alleges that defendants own or claim to own the land described in the tax bills and sought to be charged with payment thereof or some estate or interest therein. The defendants

each filed a general demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained said demurrers, and the defendants appealed to the St. Louis Court of Appeals, which duly certified the cause to this court—the county being one of the defendants.

I. The reason urged in this court and the court below for sustaining said demurrers is that the tax bills are void because there is no statute authorizing the issue of tax bills against the property of a public school district. This is the first time the question is presented directly to this court, whether a tax bill for the improvement of a street adjoining public school property upon which a public schoolhouse is located can be lawfully issued against such property. Edina is a city of the fourth class, and the statute, Section 8502, Revised Statutes 1919, under which the tax bills were issued, provides as follows: "The cost of paving, macadamizing, guttering, and curbing all . . . streets . . . or any part thereof or any connection therewith . . . shall be levied as a special assessment upon *all* lots and pieces of ground upon either side of such street . . . abutting thereon, along the distance improved in proportion to the front foot."

In St. Louis Public Schools v. City of St. Louis, 26 Mo. 468, this court, NAPTON, J., delivering the opinion, held that public school property was liable to be assessed under the charter of the city for the construction of sewers, paving, streets and sidewalks and opening streets the same as private property. The school district claimed its property was exempt from special taxation under the Revised Statutes of 1845.

The court had previously construed said statute in the case of Lockwood v. City of St. Louis, 24 Mo. 20, and held, LEONARD, J., delivering the opinion, that, under said statute, church property was not exempt from special assessments for building sewers under the charter of

St. Louis of 1849, which provided that said city was authorized to levy and collect to pay for such sewers "a special tax on the real estate within the district." The ground of the decision was that the Acts of 1845 relied on only exempted church and public property from general taxation as distinguished from special assessments for public improvements, citing cases from New York and Pennsylvania, and stating that it was "a maxim that he who feels the benefit ought to feel the burden" which "was consistent with the interests and dictates of science and religion."

Judge NAPTON's opinion in Public Schools v. St. Louis, 26 Mo. 470, was as follows:

"We have not been able to distinguish this case from the case of Lockwood, 24 Mo. 20. It has been suggested that the two corporations concerned in this suit—the city of St. Louis and the St. Louis Public Schools—are identical in interest, being composed of the same constituents, and therefore the local assessment levied and collected on the property of the public schools by the city authorities is merely transferring the burden of the improvement from one branch of the treasury to another. But although the citizens of St. Louis may be alike interested in both corporations, the management of each is distinct, invested in different bodies, differently organized and governed by different rules and responsibilities. It is important to the interest of the people composing each corporation that these separate responsibilities should not be removed. The result of the contrary doctrine would be that every ordinance for paving a street, or making a sewer in a district of the city in which the public schools had property, would be virtually to tax the citizens of the district for an increase in the funds of the public schools, when it may be that this latter corporation has already ample means for its purposes. The judgment of the land court is affirmed, the other judges concurring."

The question of the validity of special tax bills against a courthouse square owned by the county, for

paving the streets adjacent to said square, was before the court, in City of Clinton ex rel. v. Henry County, 115 Mo. 565. In that case the court, opinion per BLACK, J., held that the tax bills were void because the courthouse was general public property and belonged to the sovereign, and was used by it in performing a vital governmental function, and it was a principle of the common law, well established, "that the Crown was not bound by a statute, the words of which restrain or diminish any of his rights or interests unless he be specially named therein. [1 Bla. Com. 262.] The same principle applies in favor of the states in this country. [Endlich on Interpretation of Statutes, sec. 161.] Hence it is that as a general rule, tax laws are understood and intended to apply to private and not to public property. [Endlich on Interpretation of Statutes, sec. 163.]" The learned judge then cited Inhabitants v. Mayor, 116 Mass. 193, which held that a county courthouse was exempt from special taxes for building a sewer because it was "property of the commonwealth and constituted one of the instrumentalities by which it performs one of its functions," although the same court had held that charitable and agricultural property was not exempt but was subject to local taxation (116 Mass. 181-89).

Judge BLACK further held that it was against public policy to permit a courthouse to be sold *in invitum* because that would "be the destruction of the means provided by law for carrying on the government," and because Section 2344, Revised Statutes 1879 (Sec. 1612, R. S. 1919) provided that "all courthouses, jails, clerks' offices, and other buildings owned by any county or municipality, and the lots on which they stand, and all burial grounds, shall be exempt from attachment and execution." It was further ruled in that case that the statutory remedy for enforcing special tax bills, they being a creature of the statute, was exclusive, and that remedy being by special judgment and execution against the particular property, a general judgment against the county, which was the

remedy sought in that case, could not be rendered. The court held the tax bills were void, both as against the county and the courthouse square.

As to the case decided by Judge NAPTON, Public Schools v. St. Louis, 26 Mo. 468, supra, Judge BLACK said, page 570-71: ''The report of that case shows that the school corporation based its right to injunctive relief on the sole ground that the general revenue law exempted its property from local assessments as well as from taxation for general purposes. This court ruled that question then, as it would now, against the schools. No other question was presented or considered. *It may be, the city charter made the vast amount of property held by the schools liable for assessments for street improvements; but that was not the question in dispute* . . . As to many of the other cases cited by plaintiffs, it may be observed that there is a wide difference between property held and used for strictly public uses, . . . and the property of railroads and cemetery companies . . . The property here in question is strictly public property, and on well settled principle of law cannot be held liable for these local improvement assessments until the Legislature says so in clear terms, and that has not been done by the statute relating to cities of the third class.''

In St. Louis v. Brown, 155 Mo. 561, this court, per VALLIANT, J., following the Henry County case and for the reasons therein stated, held that the Four Courts, the jail and old City Hall still used for public offices of the city, were not chargeable with benefits in a condemnation proceeding to widen 12th Street in that city under the general terms of the city charter.

In Mullins v. Cemetery Association, 239 Mo. 681, the question was whether a cemetery was subject to special taxation for constructing sewers without express words in the charter of Kansas City, so providing. The court held that it was included in the general terms of the charter, and express words were not necessary, and the case was distinguished from Clinton v. Henry County on the

ground that a cemetery was not "strictly public" property, such as a county courthouse, passed on in the Henry County case.

The Kansas City Court of Appeals in Thogmartin v. Nevada School District, 189 Mo. App. 10, had before it the precise question and held that public school grounds were not included in the general language "all property" used in designating the property which should be charged with special taxes for paving an adjoining street under the cases of Clinton ex rel. v. Henry County, 115 Mo. 557, City of St. Louis v. Brown, 155 Mo. 545, and Mullins v. Mount St. Mary's Cemetery Assn., 239 Mo. 689. It also held that such special assessment against school property was not authorized by Section 9254 of the Act of April 3, 1911 (Laws 1911, p. 337), which is as follows: "All lands owned by any county, or city, and all other public lands, cemeteries, and railroad rights-of-way fronting or abutting on any of said improvements, shall be liable for their proportionate part of the cost of such improvement, and tax bills shall be issued against such property as against other property," but only a general judgment shall be recovered therefor against such county, city, or railroad company.

The learned court held (page 13) that: "A school district is not a part of the county, nor is it a municipal corporation. [State ex rel. v. Gordon, 231 Mo. 575.] And the title to its property is vested in the school district as a public, and not as a municipal, corporation. [State ex rel. v. Henderson, 145 Mo. 349.] . . . Hence, under the rule of statutory construction that where particular terms are used followed by general terms, the latter include only subjects of the same nature and kind as are particularly mentioned," the lands of school districts ought not to be deemed included within the meaning of the phrase all "other public lands." And furthermore (page 14) that: "School grounds do not and cannot properly come within the term, 'public grounds.' . . . The fact that it (the Legislature) did not mention them

is strong evidence that it did not intend them to be included," and that: "The statute in question provides for a general judgment in case of a county, city or railroad company, but in this connection mentions nothing which by any stretch of judicial construction would include a school district."

But it may be said that the Henry County case, upon which all the other cases, supra, are based, was grounded on the idea that the courthouse square in that case was strictly public property, and to sell it for special assessments would cripple the State Government in its operation, whereas public school property is not such strictly public property as would come within the ruling in that case. The learned judge did not intend to overrule the case of Public Schools v. St. Louis, 26 Mo. 468, because he said of that case (page 571): "It may be that the charter made the vast amount of property held by the schools liable for street improvements; but that was not the question in dispute." Much water has passed under the wheel since the decision in Public Schools v. St. Louis, 26 Mo. 468, and, as stated by Judge BLACK, the question now under consideration was not in dispute nor discussed by the court. Whether the general language of the charter in that case was sufficient to impose special improvement taxes on the public schools does not seem to have been considered, but it was assumed that if it was not specially exempted by the Acts of 1845, it was liable to such special taxes, the same as church property, as decided in the Lockwood case, 24 Mo. 20. Under the Constitution of 1875, the public schools have been intrenched as a part of the State Government, and it is thoroughly established that they are an arm of that government and perform a public or governmental function, and not a special corporate or administrative duty. They are purely public corporations, as has always been held of counties in this State, and not liable for torts or damages for negligence on the part of their employees or officers. They are only liable in cases where expressly

or by necessary implication liability is imposed upon them by statute. [Cochran v. Wilson, 287 Mo. 210, 229 S. W. 1050, opinion by WALKER, J.] So that public school grounds occupy the same legal status as strictly public property as county courthouses and are as necessary to the normal functioning of the State Government.

But it is said that while public property of the city, county, or school district cannot be sold on special execution to pay special taxes, unless it is expressly so stated in the statute, the law implies that a general judgment may be had therefor, under which the public property cannot be seized or sold, but which must be enforced by mandamus, or some like remedy, which will not deprive the public of property necessary to enable it to carry on. In support of this argument, Heman Construction Co. v. Wabash Railroad Co., 206 Mo. 172, is cited. We there held that a railroad right-of-way was subject to special assessments under a section of the statutes expressly providing, as does the statute here, that "all property in the district shall be subject to special taxes for the improvement of streets" etc. The only express provision for collecting such tax bills was by suit to forclose the lien of the tax bills, against the property assessed. We held that while the lien of the tax bill could not be foreclosed upon the railroad right-of-way, yet, "under the charter and ordinances the tax bill sued on is a lien against that part of the right-of-way of the defendant company described in the tax bill. We do not feel called upon to determine how such judgment can be enforced, but it is probable that counsel will be able, if necessary, to accomplish such result. As a general rule 'when there is a right there is a remedy' (citing cases) and this case, we think, forms no exception to that rule." But this case is not in conflict with the holding in Clinton v. Henry County, because the opinion in that case expressly states that the doctrine therein announced would not apply to railroads or cemeteries, because their property is not "strictly public" property.

Numerous cases from other jurisdictions are cited holding that public school property, courthouses, and other public property, is subject to special improvement taxes, when the language is that "all property" within the improvement district shall be so taxed, and that such special assessments will be inforced by a general, instead of a special, judgment against the county, city or school district, although the statute only provided for enforcing the tax as a lien against the property assessed. The cases are collected in a note to Herrick & Stevens v. Sargent & Lahr, 132 Am. St. 291-307. The Henry County case finds much support in the authorities from other states and is referred to by the learned annotator (page 304) as presenting "perhaps the strongest arguments" for its side of the controversy. The learned author, however, expresses the opinion (page 301) that the weight of authority is against the doctrine of that case and the other cases taking the same view.

But we do not feel justified after the long adherence of our courts and Legislature to the doctrine of the Henry County case in overruling that case, although we might have decided it otherwise. *Stare decisis* should be more honored in the observance than in the breach under such circumstances.

In Drainage District v. Bates County, 269 Mo. 88, the statute authorized a special assessment against the county for benefits to the public roads in the district, but contained no provision for collecting such charge against the county, although the assessments for lands in the district were to be collected by the issue of special tax bills against the land to be enforced by special judgment and execution. We held that under such a statute the law would imply an intention to give a remedy by suit for a general judgment against the county. But it will be observed that in that case the law expressly stated the county should be charged with the benefits to the public roads, and thus was within the rule promulgated in the Henry County case, as recognized by us in said Bates County Case, 269

Mo. 88. The Bates County case therefore does not conflict with the Henry County case:

Holding, as we do, that public schools are an integral part of the State Government exercising a governmental function, and their property is strictly public property the same as that of counties, we must hold that this case is ruled by the Henry County case and the cases based upon and following it.

The Legislature since the decision of that case has met many times, but has never passed any law expressly making public school property liable for special assessment, but has made county property liable in cities of the fourth class (Sec. 8526, R. S. 1919) and in cities of the third class (Laws 1911, p. 137) has expressly made county, city and railroad property liable for such special assessments and provided for a general judgment against them therefor. As we have seen, provision has also been made for assessments against counties for benefits to the public roads in drainage districts. In all such instances the particular public corporation has been named whose property is subject to such assessments. Such course of legislation shows the Legislature has accepted and acted upon the ruling in the Henry County case, and in accordance therewith expressly so states in its enactments when it intends to subject purely public corporations and their property to special improvement taxation. We must, therefore, hold the demurrer of the school district in this case was properly sustained.

II. As to the demurrer of Knox County. The real estate of a county in cities of the fourth class is by Section 8526, Revised Statutes 1919, expressly made subject to special tax bills for improving streets the same as that of individuals. Section 8527 makes it the duty of the county court after sixty days' notice of the improvement is served on the county clerk to make such improvements and pay for same out of its general fund. By Section 8528, if the county court failed to do so, the city could proceed to make such improvement and issue tax bills for

the cost thereof, "which shall be a valid claim" against the county and which the county court shall pay out of its general fund.

The petition in this case is the same as in suits against individuals on such tax bills, which are in due form and are copied in full in the petition and recite that they "were issued in accordance with the provisions of the city ordinances." But the petition does not allege that the county clerk was ever served with notice of such improvement as provided by said Section 8527. We do not think this was necessary. No special form of petition is required by the statute and the tax bills are set out in full therein, and among other things recite that they were issued "in accordance with the ordinances" of the city. . The statute (Sec. 8507) provides that the "tax bills shall in any action therein, be prima-facie evidence of the regularity of the proceedings for such special assessment, of the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill." We hold the petition sufficient to state a cause of action against the county for a general judgment. [Buchan v. Broadwell, 88 Mo. 1. c. 35.]

The judgment below is therefore affirmed as to the School District of Edina, but reversed as to Knox County, and remanded for trial against it according to law. *Lindsay, C.,* concurs.

PER CURIAM.—The foregoing opinion of SMALL, C., in Division One is adopted as the opinion of Court in Banc. *Woodson, Ragland* and *White, JJ.,* concur; *Graves, C. J.,* concurs, except as to what is said of Heman Construction Co. v. Wabash Railroad Co., 206 Mo. 172, and adheres to his views expressed in Gilsonite Construction Co. v. Railroad Co., 240 Mo. 1. c. 656; *James T. Blair* and *David E. Blair, JJ.,* dissent from the ruling exempting the school district from special taxes, and concur in what is said concerning the liability of a county for such taxes; *Walker, J.,* absent.