Robert A. **HUGHES, Sr., et al.,**
**Respondents-Plaintiffs,**

v.

**CIVIL SERVICE COMMISSION OF the**
**CITY OF ST. LOUIS et al.,**
**Appellants-Defendants.**

No. 36643.

Missouri Court of Appeals,
St. Louis District,
Division Four.

May 11, 1976.

Rehearing Denied June 15, 1976.

Jack L. Koehr, City Counselor, Joseph R. Niemann, Assoc. City Counselor, St. Louis, for appellants.

Arthur Friedman, Howard J. Kraner, Charles R. Oldham, St. Louis, for respondents.

NORWIN D. HOUSER, Special Judge.

The Civil Service Commission of the City of St. Louis and its individual members appeal from a judgment reversing Commission rulings in two cases consolidated for purposes of trial.

The question for decision is whether employees in the classified service of the City of St. Louis assigned to the Department of Parks, Recreation and Forestry who, in addition to their employment by the city, are also employed by the Board of Education of the City of St. Louis, are in violation of Article VIII, Section 8 of the Charter of the

City of St. Louis, which reads in pertinent part as follows:

" . . . nor shall any officer or employe receive any additional compensation for serving in any other capacity under the city while in such office or employment; nor hold any office or employment under the state or United States except in the militia or as notary public, . . . . Any person guilty of any wilful violation of this section shall thereby forfeit his office or employment."

Briefly put, do employees of the board of education hold an "employment under the state"?

The assigned hours of duty with the city and board of education do not conflict. The affected employees were notified by the city that they must either resign from one of the employments or be discharged by the city. They petitioned for relief. After a hearing the commission ruled that holding a position with the board of education constitutes holding "employment under the state" within the meaning and intent of the charter provision; that the violation arising out of such dual employment forfeits the city employment and constitutes just cause for dismissal from city service. The circuit court reversed the commission's ruling. This appeal followed.

The circuit court reasoned that school districts are unique quasi-public corporations which do not partake of state features; that school district employees are not state officers or employees of the state and therefore plaintiffs, employees of the board of education, "are not holding office or employment under the state." This reasoning fails to distinguish between "officer or employee under the state" and "state officer," and overlooks several cases which lead to the opposite conclusion. There is a recognized difference between the two terms. They refer to separate and distinct classes. Valliant, J. noted the difference in *State ex rel. Frisby v. Hall,* 152 Mo. 234, 53 S.W. 1062, 1063 (1899). He pointed out that "[a]ll state officers are embraced in the first class, but all embraced in the first class are not state officers," and interpreted the term "officer under the state" to mean "an office whose authority is derived from the state, and in which some of the sovereign functions of the state government are exercised." He interpreted the term "state officer" to mean "one whose jurisdiction is co-extensive with the state." The court held that the office of director of a school district is an "office under this state." Other cases holding that the office of school director constitutes an "office under the state" include *State ex rel. Worsham v. Ellis,* 329 Mo. 124, 44 S.W.2d 129 (1931); *State ex inf. Mitchell v. Heath,* 345 Mo. 226, 132 S.W.2d 1001 (1939); *Bernhardt v. Long,* 357 Mo. 427, 209 S.W.2d 112 (1948); *State ex inf. Kamp v. Pretended Consolidated School Dist. No. 1,* 359 Mo. 639, 223 S.W.2d 484 (banc 1949); *Young v. Brassfield,* 223 S.W.2d 491 (Mo.1949); *State ex inf. Rice v. Hawk,* 360 Mo. 490, 228 S.W.2d 785 (1950); *Utt v. Oster,* 235 S.W.2d 577 (Mo.App.1951); *State v. Underwood School Dist. No. 16,* 250 S.W.2d 843 (Mo.App.1952); *New v. Corrough,* 370 S.W.2d 323 (Mo.1963).

School districts are political subdivisions of the state, § 70.210(2), RSMo 1969; *State ex inf. McKittrick v. Whittle,* 333 Mo. 705, 63 S.W.2d 100 (banc 1933); *Consolidated School Dist. No. 1 of Jackson County v. Bond,* 500 S.W.2d 18, 19 (Mo.App.1973), and a school board is an instrument, or arm, of the state government, *Dick v. Board of Education of City of St. Louis,* 238 S.W. 1073 (Mo.1922); *City of Edina, etc. v. School District of City of Edina,* 305 Mo. 452, 267 S.W. 112, 115 (banc 1924), exercising a public or governmental function. *Krueger v. Board of Education of City of St. Louis,* 310 Mo. 239, 274 S.W. 811 (1925). School directors, members of boards of education and their employees owe their official existence to and derive their election, appointment or employment from the authority of the laws of the state, and perform duties prescribed by the laws of the state. As such school directors, members of boards of education and their employees come within the definition of officers or employees "under the state." They are not "state officers" or "state employees" in the

technical sense defined in *State ex rel. Frisby v. Hall,* supra, because their jurisdiction is not "co-extensive with the state"—the concerns of school districts, boards of education and their employees, in the exercise of their governmental functions, are local in nature.

For these reasons the members of the Board of Education of the City of St. Louis and their employees hold their offices and employments "under the state."

Judgment of the circuit court reversed and rulings of the Civil Service Commission reinstated.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.