Dear Representative Murphy:
This opinion is in response to your question asking:
 Are school districts which use time, equipment and personnel to support or oppose a ballot issue required to file campaign disclosure statements, pursuant to chapter 130, RSMo?[1]
The Campaign Finance Disclosure Law provides a complex set of public disclosure requirements in Chapter 130, RSMo 1986. The law typically describes those who are subject to or exempt from these requirements as being a "candidate", "committee", "connected organization", "labor organization", "person", "political party", and "political party committee". The law provides definitions for those and other terms in Section130.011, RSMo 1986. Without setting forth the definitions of all the above-referenced terms, we find that school districts fit only within the definition of "persons" as that definition is set forth in Section 130.011(18), RSMo 1986:
 (18) "Person", an individual, group of individuals, corporation, partnership, committee, proprietorship, joint venture, any department, agency, board, institution or other entity of the state or any of its political subdivisions, union, labor organization, trade or professional or business association, association, political party or any executive committee thereof, or any other club or organization however constituted or any officer or employee of such entity acting in his official capacity; [Emphasis added.]
The underlined provision is basically the same as a provision in Section 130.011(7), RSMo 1986, excluding these same entities from the definition of "committee". Section 130.011(7) defining "committee" provides:
 (7) "Committee", a person or any combination of persons, who accepts contributions or makes expenditures for the primary or incidental purpose of influencing or attempting to influence the action of voters for or against the nomination or election to public office of one or more candidates or the qualification, passage or defeat of any ballot measure or for the purpose of paying a previously incurred campaign debt or obligation of a candidate or the debts or obligations of a committee or for the purpose of contributing funds to another committee; except that, a person or combination of persons, as described in this subdivision, shall not be deemed to be a committee if . . .; nor shall any department, agency, board, institution or other entity of the state or any of its subdivisions or any officer or employee thereof, acting in his official capacity, be deemed a committee. . . . [Emphasis added.]
The above-quoted language in the definitions of "committee" and "person" encompasses school districts since they are political subdivisions of the state. Hughes v. Civil ServiceCommission of City of St. Louis, 537 S.W.2d 814, 815 (Mo.App. 1976). Therefore, sections of the Campaign Finance Disclosure Law which place disclosure requirements only on "committees" are not applicable to school districts but those placing requirements on "persons" are applicable unless otherwise indicated by statutory language or context.
For example, the requirements of subsection 1 of Section 130.051, RSMo 1986, apply to school districts:
 130.051. Expenditures reported, when — contents of report — exceptions — internal dissemination, when reported — reports of out-of-state committees — other committee disclosure reports. 1. Any person who is not a defined committee who makes an expenditure or expenditures aggregating five hundred dollars or more in support of or opposition to one or more candidates or in support of or in opposition to the qualification or passage of one or more ballot measures, other than a contribution made directly to a candidate or committee, shall file a report signed by the person making the expenditure, or that person's authorized agent, disclosing the name and address of the person making the expenditure, the date and amount of the expenditure or expenditures, the name and address of the payee, and a description of the nature and purpose of each expenditure. Such report shall be filed with the appropriate officer for the candidate or ballot measure in question as set forth in section 130.026 within fourteen days after the date of making an expenditure which by itself or when added to all other such expenditures during the same campaign equals five hundred dollars or more. If, after filing such report, additional expenditures are made, a further report shall be filed at the date set forth in section 130.046 for any reporting period in which the additional expenditures are made; except that, if any such expenditure amounting to five hundred dollars or more is made within fourteen days prior to an election, the report shall be filed within forty-eight hours after the date of such expenditure. The provisions of this subsection shall not apply to a person who uses only its funds or resources to make an expenditure or expenditures in support of or in coordination or consultation with a candidate or committee, provided that any such expenditure is recorded as a contribution to that candidate or committee and so reported by the candidate or committee being supported by the expenditure or expenditures.
Having determined that Section 130.051.1 is applicable to school districts, the next issue is whether disclosure statements are required in regard to the use of time, equipment and personnel to support or oppose a particular ballot issue. The disclosure requirements of Section 130.051.1 are triggered by "an expenditure or expenditures" over a certain value. Therefore, whether these disclosure requirements are applicable depends on whether the school district made an "expenditure" as that term is defined in Section 130.011(13), RSMo 1986. This subsection provides in pertinent part as follows:
 (13) "Expenditure", a payment, advance, conveyance, deposit, donation or contribution of money or anything of value for the purpose of supporting or opposing . . . the qualification or passage of any ballot measure or for the support of any committee which in turn supports or opposes any . . . ballot measure . . . . An expenditure of anything of value shall be deemed to have a money value equivalent to the fair market value. [Definition goes on to give non-exhaustive examples of what may be included and excluded in the term "expenditure".]
The definition of the term "expenditure" is broadly worded and includes more than simply providing money. It includes the donation or contribution of . . . anything of value . . . ." there can certainly be instances in which the provision of personal services and use of equipment would be considered things of value. However, much may depend on the exact circumstances and your request does not provide any detailed description of the manner in which the personnel or equipment are used. Therefore, it is impossible to provide any detailed advice in this opinion. A school district, with its counsel, will have to compare the district's conduct with the relevant portions of the Campaign Finance Disclosure Law to determine on a case-by-case basis whether the expenditure level has been met.
Another example of a provision applicable to school districts is found in subsection 2 of Section 130.051 which provides:
 2. The internal dissemination by any membership organization, proprietorship, labor organization, corporation, association or other entity, except a committee as defined in section 130.011, of information advocating the election or defeat of a candidate or the passage or defeat of a ballot measure to its members, employees or shareholders, the cost of which is more than two thousand dollars in support of or in opposition to one or more candidates or in support of or in opposition to the qualification or passage of one or more ballot measures in a calendar year, other than a contribution made directly to a candidate or committee, shall be reported in a report signed by the person responsible for making the expenditure, or that person's authorized agent, disclosing the name and address of the person making the expenditure, the date and amount of the expenditure or expenditures, the name and address of the payee, and a description of the nature and purpose of the dissemination of information. Such report shall be filed with the appropriate officer for the candidate or ballot measure in question as set forth in section 130.026 within fourteen days after the date of making an expenditure. If, after filing such report, additional expenditures are made, a further report shall be filed at the date set forth in section 130.046 for any reporting period in which the additional expenditures are made; except that, if any such expenditure amounting to five hundred dollars or more is made within fourteen days prior to an election, the report shall be filed within forty-eight hours after the date of such expenditure. [Emphasis added.]
The term "other entity" would include school districts. "Entity" is not defined in Chapter 130 and so should be taken in its "ordinary and usual sense". Section 1.090, RSMo 1986. 30 C.J.S. Entity, p. 722, defines the term as follows:
 The word "entity" has elastic application, and is variously defined as meaning a real being; existence; a real being, whether in thought (as in ideal conception) or in fact; something which has reality and distinctness of being, but that reality and distinctness may be either in fact or in thought. [Footnotes omitted.]
As a political subdivision, a school district has a real and distinct existence. Hughes v. Civil Service Commission ofCity of St. Louis, supra. Therefore, a school district would come within the provisions of subsection 2 of Section 130.051.
The above is not meant to be an exhaustive listing of the provisions in Chapter 130 applicable to school districts. School districts are best advised to examine the particular circumstances involved in each instance in which they wish to work for or against a ballot proposal and, with their counsel, engage in a close analysis of the Campaign Finance Disclosure Law in order to ensure full compliance.
CONCLUSION
It is the opinion of this office that while a school district is not a "committee" as that term is defined in Section130.011(7), RSMo 1986, it is a "person" as that term is defined in Section 130.011(18), RSMo 1986, and is subject to certain disclosure requirements in the Campaign Finance Disclosure Law.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] This opinion does not address whether it is legally permissible for a school district to use time, equipment and personnel to support or oppose a ballot issue.